1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
    Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7
                    **UNITED STATES DISTRICT COURT**
8
                   **NORTHERN DISTRICT OF CALIFORNIA**
9

10  JAKARI WILSON, an individual, on      Case No. **4:20-cv-05183-YGR**
    behalf of himself and on behalf of all
11  persons similarly situated,           **FIRST AMENDED CLASS ACTION**
                                          **COMPLAINT FOR:**
12
                                          1. UNFAIR COMPETITION IN VIOLATION OF
13            Plaintiff,                   CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
                                          2. FAILURE TO PAY MINIMUM WAGES IN
14  vs.                                    VIOLATION OF CAL. LAB. CODE §§ 1182.12,
                                          1194, 1197 & 1197.1;
15  WHOLESOME HARVEST BAKING,             3. FAILURE TO PAY OVERTIME WAGES IN
    LLC, a Limited Liability Company;      VIOLATION OF CAL. LAB. CODE §§ 510, *et*
16  BIMBO BAKEHOUSE LLC, a Limited         *seq*;
    Liability Company; and DOES 1         4. FAILURE TO PROVIDE REQUIRED MEAL
17  through 50, inclusive,                 PERIODS IN VIOLATION OF CAL. LAB. CODE
                                          §§ 226.7 & 512 AND THE APPLICABLE IWC
18                                         WAGE ORDER;
                                          5. FAILURE TO PROVIDE REQUIRED REST
19            Defendants.                  PERIODS IN VIOLATION OF CAL. LAB. CODE
                                          §§ 226.7 & 512 AND THE APPLICABLE IWC
20                                         WAGE ORDER;
                                          6. FAILURE TO REIMBURSE
21                                         EMPLOYEES FOR REQUIRED
                                          EXPENSES IN VIOLATION OF CAL. LAB.
22                                         CODE § 2802;
                                          7. FAILURE TO PROVIDE ACCURATE
23                                         ITEMIZED STATEMENTS IN VIOLATION OF
                                          CAL. LAB. CODE §§ 226 and 1174;
24                                         8. FAILURE TO PROVIDE WAGES WHEN
                                          DUE IN VIOLATION OF CAL. LAB. CODE §§
25                                         201, 202 AND 203; and,
                                          9. VIOLATION OF THE PRIVATE
26                                         ATTORNEYS GENERAL ACT [LABOR
                                          CODE §§ 2698, *et seq*.].
27
                                          **DEMAND FOR A JURY TRIAL**
28
                                          1

Plaintiff Jakari Wilson ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.    Defendant Wholesome Harvest Baking, LLC  is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    Defendant Bimbo Bakehouse LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3.    As evidenced by PLAINTIFF's paychecks and company documents, Defendants Wholesome Harvest Baking, LLC and Bimbo Bakehouse LLC were joint employers of PLAINTIFF and are referred to herein as ("DEFENDANT").

4.    DEFENDANT produces frozen and par-baked goods, including a range of artisanal, sourdough and sandwich breads, buns, croissants, scones and biscuits for the retail and in-store bakery sector. Grupo Bimbo acquired the company in 2014 and renamed it Wholesome Harvest Baking.

5.    PLAINTIFF was employed by DEFENDANT in California from January of 2019 to August 2, 2019 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

6.    PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Defendant Wholesome Harvest Baking, LLC and/or Defendant Bimbo Bakehouse LLC in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period of time from June 1, 2016 to the earlier of Preliminary Approval of the Settlement or November 18, 2021 (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of

2
FIRST AMENDED CLASS ACTION COMPLAINT

CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

7.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees.  DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

8.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Fed. R. Civ. Proc. 17.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

**THE CONDUCT**

10.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  Specifically, DEFENDANT required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break.  PLAINTIFF was from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFF's off-duty meal break.  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates.  DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

11.    In addition, State and federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

12.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT, including but not limited to on-call flat sum wages and shift differential wages for working undesirable shifts.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate

4

of pay" for purposes of calculating overtime pay.  Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure to do so has resulted in an underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

13.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice. DEFENDANT failed to maintain adequate staffing levels while increasing the production levels for each employee at the busy work sites they provided services for.

14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by

DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS Members could not leave the work premises during their rest period.

15.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

16.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell

FIRST AMENDED CLASS ACTION COMPLAINT

phones for work related issues.   As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

17.   From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Specifically, DEFENDANT violated Section 226 by failing to identify the correct rates of pay and number of hours worked, including for the "on call pay," item of pay, which is an incentive wage payment.   Additionally, the wage statements DEFENDANT issued to PLAINTIFF and other CALIFORNIA CLASS Members violated Cal. Lab. Code Section 226(a)(8) in that DEFENDANT failed to correctly list the correct name of the legal entity that was the employer of PLAINTIFF and the CALIFORNIA CLASS Members.  Aside from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

18.   In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods.   This policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should

be adjusted accordingly.

19.    By reason of this conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record all missed meal and rest periods by PLAINTIFF and other CALIFORNIA CLASS Members.  The proper recording  of these employees' missed meal and rest breaks is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

20.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to him as required by the applicable Wage Order and Labor Code and failed to pay him all minimum and overtime wages due to him.  DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for his missed meal and rest breaks. The nature of the work performed by the PLAINTIFF did not prevent him from being relieved of all of his duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business records.  As a result of DEFENDANT not accurately recording all missed meal and rest periods and/or minimum and overtime wages due, the wage statements issued to PLAINTIFF by DEFENDANT violated California law, and in particular, Labor Code Section 226(a).  To date, DEFENDANT has yet to pay PLAINTIFF all of his wages due to him and DEFENDANT has failed to pay any penalty wages owed to him under California Labor Code Section 203.  The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

**JURISDICTION AND VENUE**

21.    This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

22.    Venue is proper in this Court and judicial district pursuant to pursuant to 28 U.S.C. § 1391 because (I) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district. Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of Contra Costa, but was later removed by DEFENDANT to this Court.

**THE CALIFORNIA CLASS**

23.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by Defendant Wholesome Harvest Baking, LLC and/or Defendant Bimbo Bakehouse LLC in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period of time from June 1, 2016 to the earlier of Preliminary Approval of the Settlement or November 18, 2021 (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

24.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

25.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS

FIRST AMENDED CLASS ACTION COMPLAINT

Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

26.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

27.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

28.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by violating the Fiar Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods;

(c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and

10

1    the CALIFORNIA CLASS members with necessary expenses incurred in
2    the discharge of their job duties; and,

3    (d)    Committing an act of unfair competition in violation of the California
4    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*., by
5    violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct
6    federal overtime wages to the PLAINTIFF and the members of the
7    CALIFORNIA CLASS as legally required by the FLSA, and retaining the
8    unpaid federal overtime to the benefit of DEFENDANT; and

9    29.    This Class Action meets the statutory prerequisites for the maintenance of a Class
10    Action as set forth in Fed. R. Civ. Proc 23(b)(2) and/or (3), in that:

11    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous
12    that the joinder of all such persons is impracticable and the disposition of
13    their claims as a class will benefit the parties and the Court;

14    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues
15    that are raised in this Complaint are common to the CALIFORNIA CLASS
16    will apply to every member of the CALIFORNIA CLASS;

17    (c)    The claims of the representative PLAINTIFF are typical of the claims of
18    each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the
19    other members of the CALIFORNIA CLASS, was classified as a non-
20    exempt employee paid on an hourly basis who was subjected to the
21    DEFENDANT's deceptive practice and policy which failed to provide the
22    legally required meal and rest periods to the CALIFORNIA CLASS and
23    thereby underpaid compensation to PLAINTIFF and CALIFORNIA
24    CLASS.    PLAINTIFF sustained economic injury as a result of
25    DEFENDANT's employment practices.  PLAINTIFF and the members of
26    the CALIFORNIA CLASS were and are similarly or identically harmed by
27    the same unlawful, deceptive and unfair misconduct engaged in by
28    DEFENDANT; and,

11
FIRST AMENDED CLASS ACTION COMPLAINT

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

30.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)      Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to  members of the CALIFORNIA CLASS as required by law;

1)      With respect to the First Cause of Action, the final relief on behalf

of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be

dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3).

31. This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3) because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the

14

Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

32.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

FIRST AMENDED CLASS ACTION COMPLAINT

**THE CALIFORNIA LABOR SUB-CLASS**

33.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by Defendant Wholesome Harvest Baking, LLC and/or Defendant Bimbo Bakehouse LLC in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period of time from June 1, 2016 to the earlier of Preliminary Approval of the Settlement or November 18, 2021 (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3).  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

34.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.  DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

35.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

36.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

16

37.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)    Whether DEFENDANT's conduct was willful.

38.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)    Violating Cal. Lab. Code §§ 1182.12, 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1182.12, 1194 and 1197;

(c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount

17

of wages earned by the employee, and violating Cal. Lab. Code § 1174 by failing to keep records for the CALIFORNIA LABOR SUB-CLASS;

(d) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

39.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS,

18

was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.    PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.    There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

40.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical

19

1    matter be dispositive of interests of the other members not party to

2    the adjudication or substantially impair or impede their ability to

3    protect their interests.

4    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

5    or refused to act on grounds generally applicable to the CALIFORNIA

6    LABOR SUB-CLASS, making appropriate class-wide relief with respect

7    to the CALIFORNIA LABOR SUB-CLASS as a whole in that

8    DEFENDANT fails to pay all wages due. Including the correct wages for

9    all time worked by the members of the CALIFORNIA LABOR SUB-

10    CLASS as required by law;

11    (c)    Common questions of law and fact predominate as to the members of the

12    CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

13    violations of California Law as listed above, and predominate over any

14    question affecting only individual CALIFORNIA LABOR SUB-CLASS

15    Members, and a Class Action is superior to other available methods for the

16    fair and efficient adjudication of the controversy, including consideration

17    of:

18    1)    The interests of the members of the CALIFORNIA LABOR SUB-

19    CLASS in individually controlling the prosecution or defense of

20    separate actions in that the substantial expense of individual actions

21    will be avoided to recover the relatively small amount of economic

22    losses sustained by the individual CALIFORNIA LABOR SUB-

23    CLASS Members when compared to the substantial expense and

24    burden of individual prosecution of this litigation;

25    2)    Class certification will obviate the need for unduly duplicative

26    litigation that would create the risk of:

27    A.    Inconsistent or varying adjudications with respect to

28    individual members of the CALIFORNIA LABOR SUB-

FIRST AMENDED CLASS ACTION COMPLAINT

1
2

CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3).

41.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of

21

retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

22

1

**FIRST CAUSE OF ACTION**

2

**For Unlawful Business Practices**

3

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

4

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

5       42.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

6  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

7  Complaint.

8       43.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code

9  § 17021.

10       44.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

11  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203

12  authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition

13  as follows:

14       Any person who engages, has engaged, or proposes to engage in unfair
        competition may be enjoined in any court of competent jurisdiction. The court
15       may make such orders or judgments, including the appointment of a receiver, as
        may be necessary to prevent the use or employment by any person of any practice
16       which constitutes unfair competition, as defined in this chapter, or as may be
        necessary to restore to any person in interest any money or property, real or
17       personal, which may have been acquired by means of such unfair competition.

18  Cal. Bus. & Prof. Code § 17203.

19       45.     The UCL permits action for business practices that are "unfair" "unlawful" and/or

20  "fraudulent". This includes violations of both State and Federal Law. *See Wang v. Chinese*

21  *Daily News*, (9th Cir.) 623 F.3d 743 (reversed on other grounds). By the conduct alleged herein,

22  DEFENDANT has engaged and continues to engage in a business practice which violates  the

23  FLSA and California law, including but not limited to, the applicable Industrial Wage Order(s),

24  the California Code of Regulations and the California Labor Code including Sections 204, 210,

25  226.7, 510, 512, 1182.12, 1194, 1197, 1197.1, 1198 & 2802, for which this Court should issue

26  declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

27  necessary to prevent and remedy the conduct held to constitute unfair competition, including

28  restitution of wages wrongfully withheld.

1    46.    The FLSA requires, among other things, that employers pay employees the

2    minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

3    47.    At all material times, Defendant has violated the FLSA by failing to pay

4    members of the CALIFORNIA CLASS at one-and-one-half (1.5) times the regular rate of pay

5    when a member of the CALIFORNIA CLASS's total hours worked to exceed forty (40) hours

6    in a week. Specifically, Defendant failed to include all remuneration in the regular rate of pay

7    when calculating and paying overtime to CALIFORNIA CLASS members.

8    48.    Defendant has also violated the FLSA by failing to keep required, accurate

9    records of all hours worked by the members of the CALIFORNIA CLASS. 29 U.S.C. § 211(c).

10    49.    Plaintiff and the other CALIFORNIA CLASS members are victims of a

11    uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA,

12    has been applied to the CALIFORNIA CLASS Members employed by Defendant.

13    50.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair

14    in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous

15    or substantially injurious to employees, and were without valid justification or utility for which

16    this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California

17    Business & Professions Code, including restitution of wages wrongfully withheld.

18    51.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

19    fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

20    meal and rest periods, the required amount of compensation for missed meal and rest periods,

21    overtime, minimum, and reporting time wages owed, and failed to reimburse all necessary

22    business expenses incurred, due to a business practice that cannot be justified, pursuant to the

23    FLSA, the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in

24    violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive

25    and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages

26    wrongfully withheld.

27    52.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

28    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

1    other members of the CALIFORNIA CLASS to be underpaid during their employment with

2    DEFENDANT.

3        53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

4    unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

5    all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA

6    CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

7        54.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

8    CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

9    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

10   for each workday in which a second off-duty meal period was not timely provided for each ten

11   (10) hours of work.

12       55.    PLAINTIFF further demands on behalf of himself and each member of the

13   CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

14   duty paid rest period was not timely provided as required by law.

15       56.    By and through the unlawful and unfair business practices described herein,

16   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

17   other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

18   has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

19   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

20   to unfairly compete against competitors who comply with the law.

21       57.    All the acts described herein as violations of, among other things, the FLSA, the

22   Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the

23   California Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

24   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

25   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

26       58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

27   and do, seek such relief as may be necessary to restore to them the money and property which

28   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

Case 4:20-cv-05186-YGR    Document 32    Filed 07/29/21    Page 26 of 48

1  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

2  unfair business practices, including earned but unpaid wages for all time worked.

3       59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

4  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

5  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

6  engaging in any unlawful and unfair business practices in the future.

7       60.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

8  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

9  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

10  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

11  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

12  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

13  engage in these unlawful and unfair business practices.

14

15               **SECOND CAUSE OF ACTION**

16             **For Failure To Pay Minimum Wages**

17       **[Cal. Lab. Code §§ 1194, 1182.12, 1197 and 1197.1]**

18      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

19           **and Against All Defendants)**

20       61.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB- CLASS,

21  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

22  of this Complaint.

23       62.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

24  bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code

25  and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately

26  calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

27       63.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

28  public policy, an employer must timely pay its employees for all hours worked.

FIRST AMENDED CLASS ACTION COMPLAINT

64.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

65.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

68.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

69.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

70.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  As such, during the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were

27

1    entitled to, constituting a failure to pay all earned wages.

2        71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

3    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

4    CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA

5    LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts

6    which are presently unknown to them and which will be ascertained according to proof at trial.

7        72.    DEFENDANT knew or should have known that PLAINTIFF and the other

8    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

9    worked.  DEFENDANT systematically elected, either through intentional malfeasance or gross

10   nonfeasance, to not pay employees for their labor as a matter of company policy, practice and

11   procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the

12   other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their

13   time worked.

14       73.    In performing the acts and practices herein alleged in violation of California labor

15   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

16   all time worked and provide them with the requisite compensation, DEFENDANT acted and

17   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

18   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

19   their legal rights, or the consequences to them, and with the despicable intent of depriving them

20   of their property and legal rights, and otherwise causing them injury in order to increase

21   company profits at the expense of these employees.

22       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

23   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

24   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

25   by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

26   compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

27   who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

28   201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

1   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA

2   LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful,

3   intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-

4   CLASS Members are entitled to seek and recover statutory costs.

5

6                  **THIRD CAUSE OF ACTION**

7            **For Failure To Pay Overtime Compensation**

8               **[Cal. Lab. Code §§ 510, *et seq.*]**

9     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                     **Defendants)**

11        75.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

12   reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs

13   of this Complaint.

14        76.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

15   bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code

16   and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these

17   employees for all overtime worked, including, work performed in excess of eight (8) hours in

18   a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

19        77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

20   public policy, an employer must timely pay its employees for all hours worked.

21        78.     Cal. Lab. Code § 510 further provides that employees in California shall not be

22   employed more than eight (8) hours per workday and more than forty (40) hours per workweek

23   unless they receive additional compensation beyond their regular wages in amounts specified

24   by law.

25        79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26   including minimum wage and overtime compensation and interest thereon, together with the

27   costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for

28   longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

81.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

82.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

84.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

1    85.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

2    other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime

3    worked that they are entitled to, constituting a failure to pay all earned wages..

4    86.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

5    of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

6    was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

7    1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR

8    SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

9    failed to accurately record and pay as evidenced by DEFENDANT's business records and

10    witnessed by employees.

11    87.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

12    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

13    CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

14    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

15    injury in amounts which are presently unknown to them and which will be ascertained according

16    to proof at trial.

17    88.    DEFENDANT knew or should have known that PLAINTIFF and the other

18    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime

19    worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

20    nonfeasance, to not pay employees for their labor as a matter of company policy, practice and

21    procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the

22    other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

23    89.    In performing the acts and practices herein alleged in violation of California labor

24    laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

25    all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

26    acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

27    the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

28    disregard for their legal rights, or the consequences to them, and with the despicable intent of

1    depriving them of their property and legal rights, and otherwise causing them injury in order to

2    increase company profits at the expense of these employees.

3            90.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

4    therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as

5    well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

6    by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or

7    overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS

8    Members who have terminated their employment, DEFENDANT's conduct also violates Labor

9    Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time

10   penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

11   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

12   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

13   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

14

15                          **FOURTH CAUSE OF ACTION**

16                   **For Failure to Provide Required Meal Periods**

17                        **[Cal. Lab. Code §§ 226.7 & 512 ]**

18          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

19                                  **Defendants)**

20          91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

21   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

22   of this Complaint.

23          92.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

24   failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

25   CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

26   Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

27   SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

28   duties for the legally required off-duty meal periods.  As a result of their rigorous work

schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

93.     DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

94.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

95.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

33

time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

97.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

98.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

99.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.     Cal. Lab. Code § 2802 provides, in relevant part, that:

34

1
2
3

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

4    101.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

5    failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

6    members for required expenses incurred in the discharge of their job duties for DEFENDANT's

7    benefit. In the course of their employment PLAINTIFF and other CALIFORNIA LABOR SUB-

8    CLASS Members as a business expense, were required by DEFENDANT to use their own

9    personal cellular phones as a result of and in furtherance of their job duties as employees for

10   DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated

11   with the use of their personal cellular phones for DEFENDANT's benefit.   Specifically,

12   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by

13   DEFENDANT to use their personal cell phones for work related issues.  As a result, in the

14   course of their employment with DEFENDANT, PLAINTIFF and other members of the

15   CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which included,

16   but were not limited to, costs related to the use of their personal cellular phones all on behalf of

17   and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA

18   LABOR SUB-CLASS Members were required to download and use a phone application named

19   "Insperity" in order to log their hours worked.  PLAINTIFF and other CALIFORNIA LABOR

20   SUB-CLASS Members were required to use their personal cell phones in order to download the

21   phone application. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

22   Members were required by DEFENDANT to use their own personal vehicles in order to perform

23   job tasks for DEFENDANT.  As a result, in the course of their employment with DEFENDANT,

24   PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS also incurred

25   unreimbursed business expenses related to the use of their personal vehicles, on behalf of and

26   for the benefit of DEFENDANT.  These expenses were necessary to complete their principal job

27   duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

28

expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

102.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SEVENTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code §§ 226, 1174]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

103.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

104.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

36

1    (5) net wages earned,

2    (6) the inclusive dates of the period for which the employee is paid,

3    (7) the name of the employee and his or her social security number, except that by

4    January 1, 2008, only the last four digits of his or her social security number or an

5    employee identification number other than a social security number may be shown on the

6    itemized statement,

7    (8) the name and address of the legal entity that is the employer, and

8    (9) all applicable hourly rates in effect during the pay period and the corresponding

9    number of hours worked at each hourly rate by the employee.

10    105.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other

11    members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

12    statements which failed to show, among other things, the correct gross and net wages earned.

13    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees

14    with an accurate itemized wage statement in writing showing, among other things, gross wages

15    earned and all applicable hourly rates in effect during the pay period and the corresponding

16    amount of time worked at each hourly rate.  Specifically, DEFENDANT violated Section 226

17    by failing to identify the correct rates of pay and number of hours worked, including for the "on

18    call pay," item of pay, which is an incentive wage payment.  Additionally, the wage statements

19    DEFENDANT issued to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

20    violated Cal. Lab. Code Section 226(a)(8) in that DEFENDANT failed to correctly list the

21    correct name of the legal entity that was the employer of PLAINTIFF and the CALIFORNIA

22    LABOR SUB-CLASS Members. Aside from the violations listed above in this paragraph,

23    DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the

24    requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to

25    time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

26    with wage statements which violated Cal. Lab. Code § 226. Defendant also failed to comply with

27    Cal. Lab. Code § 1174 by failing to keep at a central location all payroll records showing the

28    hours worked daily and the wage paid to the CALIFORNIA LABOR SUB-CLASS Members.

37

106.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code §§ 226 and 1174, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

107.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

108.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

1      109.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

2   an employee, the wages earned and unpaid at the time of discharge are due and payable

3   immediately."

4      110.   Cal. Lab. Code § 202 provides, in relevant part, that:

5      If an employee not having a written contract for a definite period quits his or her
       employment, his or her wages shall become due and payable not later than 72
6      hours thereafter, unless the employee has given 72 hours previous notice of his or
       her intention to quit, in which case the employee is entitled to his or her wages at
7      the time of quitting. Notwithstanding any other provision of law, an employee
       who quits without providing a 72-hour notice shall be entitled to receive payment
8      by mail if he or she so requests and designates a mailing address. The date of the
       mailing shall constitute the date of payment for purposes of the requirement to
9      provide payment within 72 hours of the notice of quitting.

10     111.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

11  CLASS Members' employment contract.

12     112.   Cal. Lab. Code § 203 provides:

13     If an employer willfully fails to pay, without abatement or reduction, in
       accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
14     who is discharged or who quits, the wages of the employee shall continue as a
       penalty from the due date thereof at the same rate until paid or until an action
15     therefor is commenced; but the wages shall not continue for more than 30 days.

16     113.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

17  Members has terminated and DEFENDANT has not tendered payment of wages, to these

18  employees, as required by law.

19     114.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

20  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

21  PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of

22  termination for all employees who terminated employment during the CALIFORNIA LABOR

23  SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest

24  and statutory costs as allowed by law.

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

**NINTH CAUSE OF ACTION**

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, *et seq*.]**

**(By PLAINTIFF and Against All Defendants)**

5   115.   PLAINTIFF incorporates by reference the allegations set forth in paragraphs

6   1-114, *supra*, as though fully set forth at this point.

7   116.   PAGA is a mechanism by which the State of California itself can enforce state

8   labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

9   state's labor law enforcement agencies. An action to recover civil penalties under PAGA is

10  fundamentally a law enforcement action designed to protect the public and not to benefit private

11  parties. The purpose of the PAGA is not to recover damages or restitution, but to create a means

12  of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting

13  PAGA, the California Legislature specified that "it was ... in the public interest to allow

14  aggrieved employees, acting as private attorneys general to recover civil penalties for Labor

15  Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to

16  arbitration.

17  117.   PLAINTIFF, and such persons that may be added from time to time who satisfy

18  the requirements and exhaust the administrative procedures under the Private Attorney General

19  Act, brings this Representative Action on behalf of the State of California with respect to himself

20  and all individuals who are or previously were employed by Defendant Wholesome Harvest

21  Baking, LLC and/or Defendant Bimbo Bakehouse LLC in California and who were classified

22  as non exempt employees ("AGGRIEVED EMPLOYEES") during the time period of July 11,

23  2019 to the earlier of Preliminary Approval of the Settlement or November 18, 2021 (the "PAGA

24  PERIOD").

25  118.   On April 15, 2020, PLAINTIFF gave written notice by electronic mail to the

26  Labor and Workforce Development Agency (the "Agency") and by certified mail to the

27  employer of the specific provisions of this code alleged to have been violated as required by

28  Labor Code § 2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein.

The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

119.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the other AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay minimum wages, (d) failed to pay overtime wages, (e) failed to pay wages when due, and (f) failed to reimburse employees for required expenses, all in violation of the applicable Labor Code sections listed in Labor Code §§ 201, 202, 203, 204 et seq., 210, 226(a), 226.3, 226.7, 351, 510, 512, 558(a)(1)(2), 1174, 1174.5, 1182.12, 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B) and the applicable Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1]   PLAINTIFF hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

120.    All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected other AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*., 30 Cal.App.5th 504 (2018).

---

[1]     Plaintiff specifically excludes and/or does not allege any claims under California Labor Code section 558(a)(3).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3);

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc 23(b)(2) and/or (3);

    B)  Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

FIRST AMENDED CLASS ACTION COMPLAINT

1      an award of costs for violation of Cal. Lab. Code § 226;

2      D)      The wages of all terminated employees from the CALIFORNIA LABOR

3              SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

4              until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

5      E)      Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

6              the applicable IWC Wage Order;

7      F)      The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

8              LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

9              costs of suit; and,

10     G)      For liquidated damages pursuant to California Labor Code Sections 1194.2 and

11             1197.

12  3.  On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

13     A)      Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

14             General Act of 2004.

15  4.  On all claims:

16     A)      An award of interest, including prejudgment interest at the legal rate;

17     B)      Such other and further relief as the Court deems just and equitable; and,

18     C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

19             including, but not limited to, pursuant to Labor Code §226, §1021.5, §1194,

20             and/or §2802.

21

22  Dated: July 29, 2021     BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW
                             LLP
23

24
                             By:    */s/Piya Mukherjee*
25                                  Norman B. Blumenthal
                                    Attorneys for Plaintiff
26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: July 29, 2021     BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                           By:     */s/Piya Mukherjee*

7                                   Norman B. Blumenthal
                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# **EXHIBIT #1**

22
23
24
25
26
27
28

FIRST AMENDED CLASS ACTION COMPLAINT

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA,  CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago

Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
**Nick@bamlawca.com**

WRITERS EXT:
**1004**

April 15, 2020
CA2076

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANTS

Labor and Workforce Development Agency
Online Filing

Wholesome Harvest Baking, LLC
Certified Mail #70142120000378196885
Capitol Corporate Services, Inc.
1315 W. Lawrence Ave.
Springfield, IL 62704

Bimbo Bakehouse LLC
Certified Mail #70142120000378196892
Capitol Corporate Services, Inc.
1315 W. Lawrence Ave.
Springfield, IL 62704

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

"Aggrieved Employees" refers to all individuals who are or previously were employed by Defendants Wholesome Harvest Baking, LLC and/or Bimbo Bakehouse LLC in California and classified as non-exempt employees during the time period of April 15, 2019 until a date as determined by the Court.  Our offices represent Plaintiff Jakari Wilson ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendants Wholesome Harvest Baking, LLC and/or Bimbo Bakehouse LLC ("Defendants").  Plaintiff was employed by Defendants Wholesome Harvest Baking, LLC and/or Bimbo Bakehouse LLC  in California from January of 2019 to August 2, 2019 as a non-exempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendants' control.  Defendants, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed meal and rest breaks, and for all of their time spent working off the clock. Moreover, when Defendants required Plaintiff and

Aggrieved Employees to report for work, but "furnished less than half said employee's usual or scheduled day's work," Defendants violated Cal. Code Regs., tit. 8 § 11040, subd. 5(A) by failing to pay Plaintiff and Aggrieved Employees for at least two (2) hours' worth of work at their regular rate of pay. In addition, when Defendants required Plaintiff and Aggrieved Employees to respond to and engage in additional work, this  resulted in a second reporting for work in a single workday, and Defendants failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040, subd. 5(B). Further, Defendants failed to advise Plaintiff and the other Aggrieved Employees of their right to take separately and hourly paid duty-free ten (10) minute rest periods. *See Vaquero v. Stoneledge Furniture, LLC*, 9 Cal. App. 5th 98, 110 (2017). Additionally, pursuant to Labor Code § 204 *et seq.*, Defendants failed to timely provide Plaintiff and other Aggrieved Employees with their wages. Plaintiff further contends that Defendants failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a).  Additionally, Plaintiff contends that Defendants failed to comply with Industrial Wage Order 7(A)(3) in that Defendants failed to keep time records showing when Plaintiff began and ended each shift and meal period.  Plaintiff and other Aggrieved Employees perform tasks that reasonably permit sitting, and a seat would not interfere with their performance of any of their tasks that may require them to stand.  Defendants fail to provide Plaintiff and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§  201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510,  512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendants, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendants, is attached hereto.  This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference.  Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein.  If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendants as authorized by California Labor Code section 2699, *et seq*.  The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting unit with an identification of the Plaintiff, the Defendants and the notice.  The lawsuit consists of other Aggrieved Employees.  As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.