**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**JAKARI WILSON**,

Plaintiff,

v.

**WHOLESOME HARVEST BAKING, LLC**,

Defendant.

CASE NO.  20-cv-5186-YGR

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**

Re: Dkt. No. 39

On December 7, 2021, the Court held a hearing on the unopposed motion of plaintiff Jakari Wilson's motion for preliminary approval of the parties' proposed settlement; approval of the proposed Class Notice; appointing Class Representative, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. (Dkt. No. 39.) Kyle Nordrehaug appeared for plaintiff, and Kathy Hua Gao appeared for defendant Wholesome Harvest Baking, LLC ("Wholesome").

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court **GRANTS** the motion for preliminary approval of the class action settlement.

**1. Class Definition and Basis for Conditional Certification**

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> The class is defined as all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees from June 1, 2016 to the earlier of preliminary approval of the settlement or November 18, 2021.

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 768 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Plaintiff brought the following causes of action: (i) unfair competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (ii) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1182.12, 1194, 1197, & 1197.1; (iii) failure to pay overtime wages in violation to Cal. Lab. Code § 510, *et seq*.,; (iv) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 & 512; (v) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 & 512; (vi) failure to reimburse employees for required expenses in violation of Cal. Lab. Code § 2802; (vii) failure to provide accurate itemized statements in violation of Cal. Lab. Code §§ 226 and 1174; (viii) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (ix) violation of the Private Attorneys General Act, Labor Code §§ 2698, *et seq*. (*See* Dkt. No. 32) ("Amended Consolidated Class Complaint"). The focus of this action is common to all class members, namely whether defendant failed to fully compensate its non-exempt employees during the class period. Wage and hour cases are particularly appropriate for class treatment as the allegations regarding the defendant's conduct, and the evidence of the same, impacts the class generally.

Rule 23(a)(3) requires that plaintiff shows that the claims or defenses of the representative party is typical of the claims or defenses of the class. Plaintiff's and members of the Settlement Class's claims all stem from the same alleged conduct, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds that the representative party and class counsel have fairly and adequately represented the interests of the Settlement Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel are deeply versed in this area of the law and have demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore adequate to represent the Settlement Class as well.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating"

2

the claims here.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

**2.  Class Representatives and Class Counsel**

Plaintiff Jakari Wilson is appointed the Class Representative.  Blumenthal Nordrehaug Bhowmik De Bakehouse, LLC is appointed Class Counsel.

Class Counsel argue that they conducted significant research and investigation in prosecution of this action.  With respect to the named plaintiff, he has actively furthered the interests of the class by reviewing submissions, conferring with class counsel, and producing documents. Named plaintiff appears to have no conflict of interest with the Settlement Class and have suffered the same alleged injury as all Settlement Class members.

**3.  Settlement Agreement**

In summary, the settlement provides $1,750,000. (*See* Ex. A, Settlement Agreement). The Settlement Agreement appears to have been the product of arm's length and informed negotiations with the assistance of an experienced mediator.  The relief provided for the Settlement Class appears to be adequate, taking into account:

(i) the costs and risks associated with trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3) (in this case, none).

Moreover, the Settlement Agreement appears to treat class members equitably relative to each other.

Accordingly, the Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2).  Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the class and for setting a Fairness and Final Approval Hearing.

United States District Court
Northern District of California

3

**4. Plan of Allocation**

The allocation plan provides a payment to every member of the Settlement Class, with payments dependent on the length of class members' employment history.

The Court preliminarily approves the proposed plan of allocation set forth in the motion and the revised class notice. Settlement Class members will receive a settlement share unless they submit a valid and timely request for exclusion no later than **MARCH 31, 2022.**

**5. Notice Plan**

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Settlement Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves the revised form of the proposed Class Notice attached as **Exhibit B** to this Order. The notice is sufficient to inform Settlement Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing, and is therefore **APPROVED**.

**6. Settlement Administrator**

ILYMG Group is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **JANUARY 25, 2022** ("Notice Date"). Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

United States District Court
Northern District of California

Defendant is directed to provide to the Settlement Administrator the Settlement Class members' contact data as specified by the Settlement Agreement no later than **JANUARY 11, 2022**.

### 7. Exclusion/Opt-Out

Any Settlement Class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator no later than **MARCH 31, 2022**. Requests for exclusion must be in writing and must set forth the name and address of the person who wishes to be excluded, and must be signed by the Settlement Class member seeking exclusion. No later than **MAY 5, 2022**, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class as provided in the Settlement Agreement.

Any Settlement Class member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person objected to the Settlement Agreement and whether or not such person makes a claim upon the settlement funds.

### 8. Objections

Any Settlement Class member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative awards by sending to the Court a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **MARCH 31, 2022**. Failure to submit a timely written objection will preclude consideration of the Settlement Class member's later objection at the time of the Fairness Hearing.

### 9. Attorneys' Fees and Class Representative Awards

Plaintiff and his counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **FEBRUARY 24, 2022**. Counsel is reminded that the Court does not typically award thirty-three percent (33%) of the gross settlement fund as fees and that any request for the same will need to be accompanied by detailed time records. Each Settlement Class

United States District Court
Northern District of California

United States District Court
Northern District of California

1    member shall have the right to object to the motion for attorneys' fees and Class Representative

2

3    awards by filing a written objection with the Court no later than **MARCH 31, 2022**, as stated in

   paragraph 8 above.

4        Plaintiff shall file a reply brief responding to any timely objection no later than **JUNE 7,**

5    **2022**.

6        **10. Fairness and Final Approval Hearing**

7        All briefs, memoranda and papers in support of final approval of the final settlement shall

8    be filed no later than **MAY 10, 2022.**

9        The Court will conduct a Fairness and Final Approval Hearing on **JUNE 14, 2022 AT 2:00**

10    **PM**, to determine whether the Settlement Agreement should be granted final approval as fair,

11    reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary

12    to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees

13    and for Class Representative awards.

14        Class members may appear, by counsel or on their own behalf, to be heard in support of or

15    opposition to the Settlement Agreement and Class Counsel's motion for attorneys' fees and Class

16    Representative awards by filing a Notice of Intention to Appear no later than **MAY 13, 2022**.

17        The Court reserves the right to continue the date of the final approval hearing without

18    further notice to Class members.

19        The Court retains jurisdiction to consider all further applications arising out of or in

20    connection with the Settlement.

21        **11. Post-Distribution Accounting**

22        If final approval is granted, the parties will be required to file a Post-Distribution

23    Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

24    and at a date set by the Court at the time of the final approval hearing. Counsel should prepare

25    accordingly.

26

27

28

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | **January 11, 2022** |
| Notice Campaign and Claims Period Begins ("Notice Date") | **January 25, 2022** |
| Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | **February 24, 2022** |
| Exclusion and Objection Deadline | **March 31, 2022** |
| Motion for Final Approval | **May 10, 2022** |
| Claims Period Closes | **May 25, 2022** |
| Response to Objections | **June 7, 2022** |
| Final Approval Hearing | **June 14, 2022 at 2:00pm** |

IS SO ORDERED.

This terminates Docket No. 36.

Dated: December 17, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

1

2

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
3    Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
4    Piya Mukherjee (State Bar #274217)
  Charlotte E. James (State Bar #308441)
5  2255 Calle Clara
La Jolla, CA 92037
6  Telephone: (858)551-1223
Facsimile: (858) 551-1232
7  Website: www.bamlawca.com

8

Attorneys for Plaintiff JAKARI WILSON

9

**MORGAN, LEWIS & BOCKIUS LLP**
Michael J. Puma, *Admitted Pro Hac Vice*
michael.puma@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5305
Fax: 215.908.1581

**MORGAN, LEWIS & BOCKIUS LLP**
Kathy H. Gao, Bar No. 259019
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501
kathy.gao@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
10  Claire M. Lesikar, Bar No. 311180
claire.lesikar@morganlewis.com
11  1400 Page Mill Road
Palo Alto, CA  94304
12  Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

13

Attorneys for Defendants
14  WHOLESOME HARVEST BAKING,
LLC and BIMBO BAKEHOUSE LLC
15  (formerly known as Wholesome Harvest
Baking, LLC)

16

17  UNITED STATES DISTRICT COURT

18  NORTHERN DISTRICT OF CALIFORNIA

19  JAKARI WILSON, an individual, on behalf of
himself and on behalf of all persons similarly
20  situated,

21             Plaintiff,

22       vs.

23  WHOLESOME HARVEST BAKING, LLC, a
Limited Liability Company; BIMBO
24  BAKEHOUSE LLC, a Limited Liability
Company; and DOES 1 through 50, inclusive,

25             Defendants.

26

27

28

CASE No. 4:20-cv-05186-YGR

CLASS ACTION

**JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

Judge:  Hon. Yvonne Gonzalez Rogers

Date:        _____, 2021
Time:
Courtroom:    1, Fourth Floor

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    **JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

2        This Class Action Settlement Agreement ("Agreement") is made by and between Plaintiff

3    Jakari Wilson ("Plaintiff") and Defendants Wholesome Harvest Baking, LLC and/or Bimbo

4    Bakehouse LLC ("Defendants").  Plaintiff and Defendants collectively are referred to in this

5    Agreement as the "Parties."

6    **I.      DEFINITIONS**

7        In addition to other terms defined in this Agreement, the terms below have the following

8    meaning in this Agreement:

9        A.      "Action" means the class and representative action pending in the United States

10   District Court in and for the Northern District of California, which is captioned *Wilson v.*

11   *Wholesome Harvest Baking, LLC, et al.,* Case No. 4:20-cv-05186-YGR, and was originally filed

12   in the Superior Court of the State of California, County of Contra Costa, Case No. C20-00989.

13       B.      "Aggrieved Employees" means all individuals who are or previously were

14   employed by Defendants in California who were classified as non-exempt employees during the

15   PAGA Period.

16       C.      "Class" means all individuals who are or previously were employed by Defendants

17   in California who were classified as non-exempt employees during the Class Period, approved for

18   settlement purposes only.

19       D.      "Class Counsel" means Norman B. Blumenthal, Kyle R. Nordrehaug, and Aparajit

20   Bhowmik of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

21       E.      "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment"

22   mean the amounts to be paid to Class Counsel for fees and expenses, respectively, as approved by

23   the Court, to compensate Class Counsel for their legal work in connection with the Action,

24   including their pre-filing investigation, their filing of the Action, all related litigation activities, all

25   Settlement work, all post-Settlement compliance procedures, and related litigation expenses billed

26   in connection with the Action.

27       F.      "Class Data" means, for each Class Member, his or her name; last-known mailing

28   address; Social Security number; employee identification number; personal email address (if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

known); and weeks worked during the Class Period as a Class Member and pay periods worked during the PAGA Period.

G.     "Class Member" is a member of the Class.

H.     "Class Notice" means the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval substantively in the form attached hereto as Exhibit A to this Agreement and incorporated by reference into this Agreement.

I.     "Class Notice Packet" means the Class Notice to be provided to the Class Members by the Settlement Administrator in the form set forth as Exhibit A to this Agreement (other than formatting changes to facilitate printing by the Settlement Administrator).

J.     "Class Period" means the period of time from June 1, 2016 to the earlier of Preliminary Approval of the Settlement or November 18, 2021.

K.     "Class Representative Service Payment" means the service payment, as approved by the Court,  to be paid to the Plaintiff in his capacity as Class Representative in order to compensate him for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendant's expenses in the event Plaintiff was unsuccessful in the prosecution of the Action, and for the general release of all claims by the Plaintiff.

L.     "Court" means the United States District Court in and for the Northern District of California.

M.     "Defendants" means Wholesome Harvest Baking, LLC and Bimbo Bakehouse LLC.

N.     "Defendants' Counsel" means Michael J. Puma, Kathy H. Gao and Claire M. Lesikar of Morgan, Lewis & Bockius LLP.

O.     "Effective Date" means the date by which all of the following have occurred:

1.     This Agreement is approved by the Court; and

2.     The Judgment becomes Final as defined in Section I(Q) of this Agreement.

P.     "Election Not to Participate in Settlement" means the written request by a Class Member to be excluded from the Settlement submitted in accordance with the instructions in the Class Notice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                   2                   JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Q.    "Final" means the last of the following dates, as applicable:

    1.    If no objection to the Settlement is made, the date the Judgment is entered.

    2.    If an objection to the Settlement is made and Judgment is entered, the last date on which a notice of appeal from the Judgment may be filed  if no appeal is filed.

    3.    If Judgment is entered and a timely appeal from the Judgment is filed, the date the appeal is resolved resulting in final judicial approval of the Settlement and the Judgment is no longer subject to appeal.

R.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement and enter the Judgment.

S.    "Gross Settlement Amount" means One Million Seven Hundred Fifty Thousand Dollars ($1,750,000) to be paid by Defendants as provided by this Agreement.  This Gross Settlement Amount is an all-in amount without any reversion to Defendants and shall be inclusive of all payments of Settlement Shares to the Participating Class Members, Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Service Payment, and the PAGA Payment, and excluding employer payroll taxes, if any, due on the portion of the Settlement Shares allocated to wages which shall not be paid from the Gross Settlement and shall be the separate additional obligation of Defendants.  The Gross Settlement Amount shall be paid without the need to submit a claim form for Participating Class Members.

T.    "Judgment" means the Final Approval Order and Judgment entered by the Court substantially in the form attached hereto as Exhibit C to this Agreement and incorporated by reference into this Agreement.

U.    "Net Settlement Amount" means the Gross Settlement Amount less the Court-approved amounts for the Class Representative Service Payment, the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the PAGA Payment , and the Settlement Administration Expenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          3          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

V.      "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

W.      "PAGA Period" means the period of time from July 11, 2019 to the earlier of Preliminary Approval of the Settlement or November 18, 2021.

X.      "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

Y.      "Preliminary Approval of the Settlement" means the Court's Order Granting Preliminary Approval of the Settlement substantially in the form attached hereto as Exhibit B to this Agreement and incorporated by this reference herein.

Z.      "Released Parties" collectively means:  Defendants and all affiliated parties and entities, including Defendants' past and present affiliates, parents, subsidiaries, predecessors, owners, successors, shareholders, divisions, and each of these entities' past and present directors, officers, employees, partners, benefit plans/administrators, shareholders, and representatives.

AA.      "Settlement" means the settlement disposition of the Action and all related claims effectuated by this Agreement.

BB.      "Settlement Administrator" means ILYM Group, the third-party settlement administrator proposed by the Parties, as approved by the Court.

CC.      "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II.    <u>RECITALS</u>

A.      On April 15, 2020, Plaintiff sent a correspondence to the LWDA and Defendants outlining various alleged violations of the California Labor Code under Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.* ("PAGA").

B.      On June 1, 2020, Plaintiff filed a complaint against Defendants in the Superior Court of the State of California, County of Contra Costa.  Plaintiff asserted claims that Defendants:

1.      Violated California Business and Professions Code § 17200 *et seq.*;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    4                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

2.    Failed to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1;

3.    Failed to pay overtime wages in violation of California Labor Code § 510 *et seq.*;

4.    Failed to provide required meal periods in violation of California Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order;

5.    Failed to provide required rest periods in violation of California Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order;

6.    Failed to reimburse employees for required expenses in violation of California Labor Code § 2802.

7.    Failed to provide accurate itemized wage statements in violation of California Labor Code § 226; and,

8.    Failed to provide wages when due in violation of California Labor Code §§ 201, 202 and 203.

C.    On July 28, 2020, Defendants filed a general denial along with 36 separate defenses to the Complaint.

D.    On July 28, 2020, Defendants removed the Action to the United States District Court, Northern District of California.

E.    On September 14, 2020, Plaintiff filed a complaint against Defendants in the Superior Court of the State of California, County of Contra Costa, Case No. C20-01827 ("PAGA Action"). In the PAGA Action, Plaintiff asserted a claim under PAGA seeking civil penalties for violations of California Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B).

F.    On April 14, 2021, the Parties participated in an all-day mediation presided over by third-party neutral Tripper Ortman, a respected mediator of wage and hour representative and class actions. Following the mediation, each side, represented by its respective counsel, was able to agree to settle the Action based upon a mediator's proposal which was memorialized in the form of a Memorandum of Understanding. This Agreement replaces and supersedes the Memorandum of Understanding and any other agreements, understandings, or representations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR                    5          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

between the Parties except that the confidentiality provision of the Parties' Memorandum of Understanding shall remain in effect in the event the Court does not approve the Settlement as provided in this Agreement.

G.       This Agreement represents a compromise and settlement of highly disputed claims.  Nothing in this Agreement is intended or will be construed as an admission by Defendants that the claims in the Action and/or PAGA Action of Plaintiff, the Class, and/or the Aggrieved Employees have merit or that Defendants bear any liability to Plaintiff, the Class, and/or the Aggrieved Employees on those claims or any other claims, or as an admission by Plaintiff that Defendants' defenses in the Action and/or PAGA Action have merit.  Defendants make no concessions or admissions that class or representative action treatment is appropriate, warranted, or manageable.  Defendants additionally maintain that for any purpose other than Settlement, the Action and PAGA Action are not appropriate for class or representative action treatment.  Class Counsel agree not to cite or reference the Settlement or related documents in connection with seeking certification in any other case involving Defendants.  The Parties agree to certification of the Class for purposes of this Settlement only.  If for any reason the Effective Date of the Settlement does not occur, Defendants reserve the right to contest certification of any class for any reason and reserve all available defenses to the claims in the Action and PAGA Action.

Based on these Recitals that are a part of this Agreement, the Parties agree as follows:

III.    **SETTLEMENT TERMS AND CONDITIONS**

A.      **Amended Complaint.**  The Parties stipulated to the filing of and on July 29, 2021 Plaintiff filed an amended complaint ("Amended Complaint") [Doc. No. 32] which adds the Fair Labor Standards Act ("FLSA") claim as a predicate violation to the Unfair Competition Law ("UCL") cause of action in the Action, and the PAGA claims as set forth in the PAGA Action.

B.      **Gross Settlement Amount.**  Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that Defendants will pay under this Settlement is One Million Seven Hundred Fifty Thousand Dollars ($1,750,000).  This amount is all-inclusive of all payments contemplated in this resolution, excluding any employer-side payroll taxes on the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                6          JOINT STIPULATION OF CLASS
                                                     AND REPRESENTATIVE ACTION
                                                                    SETTLEMENT

1   portion of the Settlement Shares allocated to wages which shall be separately paid by Defendants

2   to the Settlement Administrator.  All of the Gross Settlement Amount will be disbursed pursuant

3   to this Agreement, but not to Non-Participating Class Members, without the need to submit a

4   claim form for Participating Class Members and none of the Gross Settlement Amount will revert

5   to Defendants.

6        C.     **Payments from the Gross Settlement Amount.**  Subject to the terms and

7   conditions of this Agreement, the Settlement Administrator will make the following payments out

8   of the Gross Settlement Amount:

9              1.     **To Plaintiff:**  In addition to Plaintiff's individual portion of the Settlement

10              Shares to be paid to Plaintiff, Plaintiff will apply to the Court for an award

11              of not more than $10,000 as a Class Representative Service Payment.

12              Defendants will not oppose a Class Representative Service Payment of no

13              more than $10,000 for the Plaintiff.  The Settlement Administrator will pay

14              the Class Representative Service Payment approved by the Court out of the

15              Gross Settlement Amount.  If the Court approves a Class Representative

16              Service Payment of less than $10,000 for Plaintiff, the unapproved amount

17              will be retained in the Net Settlement Amount for distribution to

18              Participating Class Members if approved.  Payroll tax withholding and

19              deductions will not be taken from the Class Representative Service

20              Payment and instead a Form 1099 will be issued to Plaintiff with respect to

21              the Class Representative Service Payment and Plaintiff will assume full

22              responsibility and liability for the taxes due on his Class Representative

23              Service Payment.  To receive the Class Representative Service Payment,

24              Plaintiff agrees to a Section 1542 waiver and general release of all claims

25              as set forth below.  Plaintiff agrees not to opt out from or object to the

26              Settlement.

27              2.     **To Class Counsel:**  Class Counsel will apply to the Court for an award of

28              not more than One-Third of the Gross Settlement Amount, which is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR       7       JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    presently $583,333, as their Class Counsel Fees Payment and an amount

2    not more than $30,000 for all expenses incurred as documented in Class

3    Counsel's billing records as their Class Counsel Litigation Expenses

4    Payment.  Defendants will not oppose the request for a Class Counsel Fees

5    Payment and Class Counsel Litigation Expenses Payment consistent with

6    this Agreement and approved by the Court.  The Settlement Administrator

7    will pay the amounts approved by the Court out of the Gross Settlement

8    Amount.  If the Court approves a Class Counsel Fees Payment and/or a

9    Class Counsel Litigation Expenses Payment of less than these amounts,

10    which are presently $583,333 and $30,000 respectively, the unapproved

11    amount(s) will be retained in the Net Settlement Amount for distribution to

12    Participating Class Members if approved.  Payroll tax withholding and

13    deductions, if any, will not be taken from the Class Counsel Fees Payment

14    and Class Counsel Litigation Expenses Payment and, instead, one or more

15    Forms 1099 will be issued to Class Counsel with respect to those

16    payments.  The payment of the Class Counsel Fees Payment and Class

17    Counsel Litigation Expenses Payment shall be made to Class Counsel.

18    3.    **The PAGA Payment.**  The Parties will seek approval from the Court for

19    the PAGA Payment of $25,000 out of the Gross Settlement Amount, which

20    shall be allocated 75% ($18,750) to the LWDA as the LWDA's share of

21    the Settlement of civil penalties paid under this Agreement pursuant to

22    PAGA and 25% ($6,250) will be distributed *pro rata* to the Aggrieved

23    Employees based on their respective pay periods worked during the PAGA

24    Period if approved.  If the Court approves a PAGA Payment of less than

25    $25,000, the unapproved amount will be retained in the Net Settlement

26    Amount for distribution to Participating Class Members if approved.  All

27    Aggrieved Employees will be sent their share of the PAGA Payment and

28    will be subject to the release of the Released PAGA Claims as set forth

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    8                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    below, whether or not they opt out of the Settlement.  One hundred percent

2    (100%) of the PAGA Payment is for the settlement of claims for penalties,

3    are not subject to wage withholdings, and shall be reported on IRS Forms

4    1099.

5        4.    **To the Settlement Administrator.**  The Settlement Administrator will pay

6        out of the Gross Settlement Amount to itself its reasonable fees and

7        expenses that are documented and approved by the Court in an amount not

8        to exceed $20,000 ("Settlement Administration Expenses").  To the extent

9        the Settlement Administration Expenses that are documented and approved

10       by the Court are less than $20,000, the remainder will be retained in the

11       Net Settlement Amount for distribution to Participating Class Members if

12       approved.

13   D.    **Payments From the Net Settlement Amount.**  The Net Settlement Amount shall

14   include the following payments after the deductions have been made from the Gross Settlement

15   Amount as described in this Agreement.  The Net Settlement Amount shall include the following:

16       1.    **Settlement Shares.**  Subject to the terms and conditions of this Agreement,

17       the Settlement Administrator will pay  to each Participating Class Member

18       his or her individual Settlement Share from the Net Settlement Amount.

19       The submission of a claim form is not required to participate in the

20       Settlement.

21       2.    **Calculation**.  Each Participating Class Member will be entitled,

22       provisionally, to a share of the Net Settlement Amount.  The Settlement

23       Share for each Participating Class Member will be calculated as follows: (i)

24       the Settlement Administrator shall divide the Net Settlement Amount by

25       the total number of workweeks the Participating Class Members were

26       employed by Defendants during the Class Period to determine a dollar

27       amount per week ("Weekly Rate"); and (ii) the Settlement Administrator

28       shall then take the number of workweeks each Participating Class Member

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    9                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

was employed by Defendants and multiply it by the Weekly Rate to calculate each Participating Class Member's individual Settlement Share.

     3.   **Withholding**.

     a.   Subject to approval by the Court, One-Third of each Participating Class Member's Settlement Share is for the settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, shall be reported on IRS Forms W-2, and shall be paid from the Net Settlement Amount. The Settlement Administrator shall be responsible for remitting to the tax authorities all Participating Class Members' and the employer's share of payroll taxes on the Wage Portion.

     b.   Subject to approval by the Court, Two-Thirds of each Participating Class Member's Settlement Share is for the settlement of claims for interest and penalties allegedly due to employees (the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings, and shall be reported on IRS Forms 1099.

     c.   The Participating Class Members agree to hold harmless Defendants, Class Counsel, and Defendants' Counsel for any tax liability, including penalties and interest, arising out of or relating to the Participating Class Members' failure to pay taxes on any amounts paid pursuant to this Settlement.

   E.   **Effect of Non-Participating Class Members.** Non-Participating Class Members will receive no portion of the Settlement Shares, and their Election Not to Participate in Settlement will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective portion of the Settlement Shares will remain a part of the Net Settlement Amount for distribution to Participating Class Members on a *pro rata* basis relative to the Participating Class Members' portion of the Settlement Shares.

   F.   **Class Size Modification.** Defendants have represented that there are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR     10     JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

approximately 768 Class Members who worked approximately 42,683 workweeks from June 1, 2016 to April 14, 2021.  Defendants will provide a declaration under penalty of perjury prior to the filing of the motion for preliminary approval confirming the number of Class Members and workweeks they worked between June 1, 2016 and April 14, 2021.  If the number of Class Members and/or workweeks (between June 1, 2016 and April 14, 2021) is more than 10% of the estimate Defendants declare in the declaration, then Defendants will confer with Plaintiff in good faith to discuss a potential adjustment, which may include either a proportionate increase to the Gross Settlement Amount by the percentage the total workweeks exceeds 10% more than 42,683 workweeks or a reduction to the Class Period so that the workweeks included is no more than 10% more than 42,683 workweeks.

G.    **Appointment of Settlement Administrator.**  After obtaining a quote from mutually acceptable and qualified settlement administrators, the Parties have mutually agreed to ask the Court to appoint ILYM Group as the qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation and will execute a confidentiality agreement satisfactory to Defendants.  The Settlement Administrator's duties will include preparing, printing, and mailing the Class Notice Packet to all Class Members; conducting a National Change of Address search to update Class Member addresses before mailing the Class Notice Packets; re-mailing to the Class Member's new address Class Notice Packets that are returned; setting up a toll-free telephone number to receive calls from Class Members; receiving and reviewing for validity completed Elections Not to Participate in Settlement; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports and payments to taxing authorities required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement.  The Settlement Administrator will have the authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations and calculations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    11              JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    set forth in this Agreement.  The Settlement Administration Expenses, including the cost of

2    printing and mailing the Class Notice Packet, will be paid out of the Gross Settlement Amount.

3         The Parties agree that the Settlement Administrator shall establish a Qualified Settlement

4    Fund ("QSF") that is intended to be pursuant to Section 468B of the Code and Treas. Reg.

5    §1.468B-1, 26 CFR § 1.468B-1 *et seq.*, and will be administered by the Settlement Administrator

6    as such.  With respect to the QSF, the Settlement Administrator shall:  (1) open and administer a

7    settlement account in such a manner as to qualify and maintain the qualification of the QSF as a

8    "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. §1.468B-1; (2)

9    satisfy all federal, state and local income and other tax reporting, return, and filing requirements

10   with respect to the QSF; and (3) satisfy out of the QSF all fees, expenses, and costs incurred in

11   connection with the opening and administration of the QSF and the performance of its duties and

12   functions as described in this Agreement.  The aforementioned fees, costs, and expenses shall be

13   treated as and included in the costs of administering the QSF and as Settlement Administration

14   Expenses.

15        H.    **Procedure for Approving Settlement**.

16             1.    **Motion for Preliminary Approval of Settlement by the Court**.

17                  a.    After Execution of this Settlement Agreement, Plaintiff will file a

18                        Preliminary Approval Motion with the Court for an order giving

19                        Preliminary Approval of the Settlement, setting a date for the Final

20                        Approval Hearing, approving the Class Notice (the "Motion for

21                        Preliminary Approval").  Contemporaneous with the filing of

22                        Plaintiff's Preliminary Approval Motion, the Parties shall file a

23                        Joint Stipulation of Dismissal of the PAGA Action.  The Superior

24                        Court for the County of Contra Costa's dismissal of the PAGA

25                        Action without prejudice in the matter agreed to by the Parties is a

26                        material precondition to Defendants' obligation to pay the Gross

27                        Settlement Amount.  Any disagreement among the Parties

28                        concerning the Class Notice, the proposed orders, or other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          12          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

documents necessary to implement the Settlement will be referred
to the mediator for resolution.

b.    At the hearing on the Motion for Preliminary Approval, the Parties
will jointly appear, support the granting of the motion, and submit
an Order Granting Preliminary Approval of the Settlement
substantially in the form evidenced by <u>Exhibit B</u> to this Agreement
and incorporated by reference into this Agreement.

c.    Should the Court decline to preliminarily approve material aspects
of the Settlement (including but not limited to the scope of release
to be granted by Participating Class Members or the binding effect
of the Settlement on Participating Class Members), the Parties shall
work together in good faith to address any concerns raised by the
Court and propose a revised Settlement for the Court's approval.

d.    Within ten (10) days of the filing the Motion for Preliminary
Approval, Defendants will send the required notice(s) of the
Settlement pursuant to the Class Action Fairness Act of 2005, 28
U.S.C. § 1711 *et seq.*

2.    **Notice to Class Members.**  After the Court enters an Order Granting
Preliminary Approval of the Settlement, every Class Member will be sent
the Class Notice Packet (which will include the Class Notice completed to
reflect the Order Granting Preliminary Approval of the Settlement) as
follows:

a.    No later than  15 business days after the Court enters an Order
Granting Preliminary Approval of the Settlement, Defendants will
provide to the Settlement Administrator in electronic format a
spreadsheet containing each Class Member's Class Data.  If any or
all of the Class Data is unavailable to Defendants, Defendants will
so inform Class Counsel and the Parties will make their best efforts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    13                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

to reconstruct or otherwise agree upon the Class Data prior to when it must be submitted to the Settlement Administrator. This information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in section III.H.2.c., or pursuant to Defendants' express written authorization or by order of the Court. All Class Data will be used for settlement notification and settlement administration, shall be kept confidential by the Settlement Administrator, and shall not be provided to Class Counsel or used for any other purpose. This provision shall not be construed to impede Class Counsel's ability to discharge their fiduciary duties to the Class, and if additional disclosures are necessary, Class Counsel will obtain written authorization of Defendants and/or an order from the Court.

b. The Settlement Administrator shall update the Class Data using the National Change of Address database prior to mailing the Class Notice Packets. Using best efforts to mail it as soon as possible, and in no event later than 14 days after receiving the Class Data, the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendants, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

c. If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than fourteen (14) days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member. The Settlement Administrator

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                14                JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    will use the Class Data and otherwise work with Defendants to find

2    a more current address.  The Settlement Administrator will be

3    responsible for taking reasonable steps, consistent with its agreed-

4    upon job parameters and Federal Rule of Civil Procedure 23(c)(2),

5    Court orders, and fee, as agreed to with Class Counsel and

6    according to the following deadlines, to trace the mailing address of

7    any Class Member for whom a Class Notice Packet is returned by

8    the U.S. Postal Service as undeliverable.  These reasonable steps

9    shall include, at a minimum, the tracking of all undelivered mail;

10   performing address searches for all mail returned without a

11   forwarding address using available email addresses, phone

12   numbers, social security numbers, credit reports and social media;

13   and promptly re-mailing to Class Members for whom new

14   addresses are found.  If the Class Notice Packet is re-mailed, the

15   response date for written objections, disputes and opt-outs will be

16   extended an additional 15 days for those Class Members who are

17   sent re-mailed Class Notice Packets, and the Settlement

18   Administrator will note for its own records and notify Class

19   Counsel and Defendants' Counsel of the frequency of each such re-

20   mailing as part of a weekly status report provided to the Parties.

21   d.    As part of its weekly status report, the Settlement Administrator

22   will inform Class Counsel and Defendants' Counsel of the number

23   of Elections Not to Participate in Settlement it receives (including

24   the numbers of valid and deficient), and number of objections

25   received.

26   e.    Not later than 10 days before the date by which Plaintiff files the

27   motion for final approval of the Settlement, the Settlement

28   Administrator will provide the Parties for filing with the Court a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                15         JOINT STIPULATION OF CLASS
                                                     AND REPRESENTATIVE ACTION
                                                     SETTLEMENT

1    declaration of due diligence setting forth its compliance with its

2    obligations under this Agreement and detailing the Class Notice

3    Packets mailed and remailed including any mail tracing efforts,

4    Elections Not to Participate in Settlement it received (including the

5    numbers of valid and deficient Elections), and objections received.

6    Prior to the Final Approval Hearing, the Settlement Administrator

7    will supplement its declaration of due diligence if any material

8    changes occur from the date of its prior declaration.

9    3.    **Objections to Settlement; Elections Not to Participate in Settlement.**

10    Participating Class Members may submit objections to the Settlement

11    and/or objections to the Class Counsel Fees Payment, Class Counsel

12    Litigation Expenses Payment, and/or Class Representative Service

13    Payment pursuant to the following procedures.  Objections must comply

14    with Federal Rule of Civil Procedure 23(E)(5):

15    a.    **Objections to Settlement.**  The Class Notice will provide that

16    Participating Class Members who wish to object to the Settlement,

17    Class Counsel Fees Payment, Class Counsel Litigation Expenses

18    Payment, and/or the Class Representative Service Payment may

19    object to the proposed Settlement, either in writing or orally at the

20    Final Approval Hearing.  Objections in writing must be submitted

21    to the Court in compliance with Federal Rules of Civil Procedure

22    23(e)(5), received or postmarked not later than forty-five (45)

23    calendar days after the Settlement Administrator mails the Class

24    Notice Packets.  Written objections must set forth the grounds for

25    the objection(s) and comply with the instructions in the Class

26    Notice.  If a Class Notice Packet is re-mailed, the response date for

27    written objections will be extended an additional 15 days for those

28    Class Members who are sent re-mailed Class Notice Packets.  Non-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    16                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1   Participating Class Members shall have no ability to comment on or

2   object to the Settlement.

3   b.   **Election Not to Participate in Settlement.**  The Class Notice also

4   will provide that Class Members who wish to exclude themselves

5   from the Settlement must mail to the Settlement Administrator

6   postmarked not later than forty-five (45) calendar days after the

7   Settlement Administrator mails the Class Notice Packets, a signed

8   Election Not to Participate in Settlement.  If a Class Notice Packet

9   is re-mailed, the response date for opt-outs will be extended an

10   additional 15 days for those Class Members who are sent re-mailed

11   Class Notice Packets.  To be valid, an Election Not to Participate in

12   Settlement must be timely and must comply with the instructions in

13   the Class Notice.  If a question is raised about the authenticity of a

14   signed Election Not to Participate in Settlement, the Settlement

15   Administrator will have the right to demand additional proof of the

16   Class Member's identity.  A Non-Participating Class Member will

17   not participate in or be bound by the Settlement and the Judgment,

18   except that an Aggrieved Employee will still be paid their

19   allocation of the PAGA Payment and will remain bound by the

20   release of the Released PAGA Claims regardless of their request for

21   exclusion and/or whether they cash their check for their allocation

22   of the PAGA Payment.  Defendants will remain free to contest any

23   claim brought by any Class Member that would have been barred

24   by this Agreement, and nothing in this Agreement will constitute or

25   be construed as a waiver of any defense Defendants have or could

26   assert against such a claim.  A Class Member who does not

27   complete and mail a timely Election Not to Participate in

28   Settlement in the manner and by the deadline specified above and in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          17          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    the Class Notice will automatically become a Participating Class

2    Member and will be bound by all terms and conditions of the

3    Settlement, including the Released Class Claims by the Class, if the

4    Settlement is approved by the Court, and by the Judgment,

5    regardless of whether he or she has objected to the Settlement or

6    cash their check for their individual Settlement Share.  Persons who

7    submit an Election Not to Participate in Settlement shall not be

8    permitted to file objections to the Settlement or appear at the Final

9    Approval Hearing to voice any objections to the Settlement.

10    All Participating Class Members who do not submit a valid and

11    timely Election Not to Participate in Settlement will receive their

12    individual Settlement Share, without the need to file a claim form,

13    and will be bound by all of the terms of the Settlement, including

14    without limitation, the release of the Released Class Claims by the

15    Participating Class Members set forth in this Agreement regardless

16    of whether they cash their check for their individual Settlement

17    Share.

18    c.    **Report.**  Not later than ten (10) calendar days after the deadline for

19    submission of Elections Not to Participate in Settlement, the

20    Settlement Administration will provide Class Counsel and

21    Defendants' Counsel with a complete and accurate list of all Non-

22    Participating Class Members.

23    d.    A Participating Class Member may challenge his or her dates of

24    employment worked for Defendants by notifying the Settlement

25    Administrator in writing of the dates of employment they contend

26    to have worked for Defendants during the Class Period,

27    accompanied by supporting documentation or other evidence.  Any

28    such challenge must be postmarked not later than forty-five (45)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          18          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1   calendar days after the Settlement Administrator mails the Class

2   Notice Packets.  The Settlement Administrator shall immediately

3   notify both Class Counsel and Defendants' Counsel of any disputes

4   submitted by Class Members.  Defendants will promptly provide

5   any information or documents reasonably requested by the

6   Settlement Administrator to assist in making its determination.  The

7   dates of employment provided by Defendants shall be rebuttably

8   presumed to be correct and Defendants' records shall be rebuttably

9   presumed to be correct.  If the Participating Class Member does not

10  provide any relevant documents or other evidence, the challenge

11  will be rejected by the Settlement Administrator.  All other

12  challenges will be resolved at the exclusive discretion and authority

13  of the Settlement Administrator prior to the Final Approval

14  Hearing, after seeking input from counsel for the Parties. The

15  Settlement Administrator's decision shall be binding and non-

16  appealable by Plaintiff, Defendants, or the Class Member.

17  4.    **Right of Defendants to Reject Settlement.**  If (a) the number of Class

18  Members who timely submit valid Elections Not to Participate in

19  Settlement equals or exceeds four percent (4%) of the Class, (b) the

20  Settlement is construed in such a fashion that Defendants are required to

21  pay more than the Gross Settlement Amount (except employer's share of

22  payroll taxes), or (c) the Court does not approve the Settlement releasing

23  the claims set forth in this Agreement, or otherwise makes an order

24  inconsistent with any of the terms of this Agreement, Defendants, at their

25  sole discretion, shall have the right but not the obligation to revoke the

26  Settlement.  Defendants shall exercise their revocation rights, if at all,

27  within fourteen (14) days of the last triggering event described in (a)-(c)

28  above by providing written notice to Class Counsel.  If Defendants exercise

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                19          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    their revocation rights, the Parties will have no further obligations under

2    the Settlement, including any obligation by Defendants to pay the Gross

3    Settlement Amount, or any amounts that otherwise would have been owed

4    under this Agreement, except that Settlement Administration Expenses as

5    of the date that Defendants exercise the right to void the Settlement

6    pursuant to this Paragraph will be paid by Defendants.

7    5.    **Voided Settlement or Effective Date Does Not Occur.**  If Defendants

8    void the Settlement pursuant to the above Paragraph or if the Effective

9    Date does not occur, the Parties to this Agreement shall be deemed to have

10    reverted to their respective status as of the date and time immediately prior

11    to the execution of this Agreement.  In such an event, this Agreement

12    (except for those provisions relating to non-admission, denial of liability

13    set forth above, and the confidentiality agreements entered into by the

14    Parties) shall be deemed null and void, its terms and provisions shall have

15    no further force and effect with respect to the Parties and shall not be used

16    in the Action and/or PAGA Action or in any other proceeding for any

17    purpose, and any Judgment or order entered by the Court in accordance

18    with the terms of the Agreement shall be treated as vacated *nunc pro tunc*

19    and may not be referenced in this case or any other case.  Notwithstanding

20    any other provision of this Agreement, no order of the Court, modification,

21    or reversal on appeal of any order of the Court that reduces the amount of

22    any attorneys' fees or costs to be paid by Defendants to Class Counsel, or

23    reduces the amount of the Class Representative Service Payment, shall

24    constitute grounds for cancellation or termination of the Agreement or

25    grounds for limiting any other provision of the Judgment.

26    6.    **No Solicitation.**  The Parties and their respective counsel represent that

27    neither the Parties nor their respective counsel have or will solicit or

28    otherwise encourage directly or indirectly any Class Member to object to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR        20        JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    the Settlement, appeal from the Judgment, or elect not to participate in the

2    Settlement.

3        7.    **Additional Briefing and Final Approval.**

4            a.    Unless otherwise ordered by the Court, Class Counsel will file with

5                the Court their motion for the Class Counsel Fees Payment, Class

6                Counsel Litigation Expenses Payment, and Class Representative

7                Service Payment no later than thirty-five (35) days before the

8                deadline for written objections and shall be posted on a website as

9                indicated in the Class Notice.  This motion will be scheduled to be

10               heard by the Court at the Final Approval Hearing.

11           b.    Not later than thirty-five (35) days before the Final Approval

12               Hearing, Plaintiff will file with the Court a motion for final

13               approval of the Settlement.  Class Counsel will send to Defendants'

14               Counsel the draft Motion for Final Approval at least two weeks

15               before filing it without the Court and will confer with Defendants'

16               Counsel and use their best efforts to incorporate Defendants'

17               reasonable changes.

18           c.    If any opposition is filed to the Motion for Final Approval and/or

19               the motion for the Class Counsel Fees Payment, Class Counsel

20               Litigation Expenses Payment, and Class Representative Service

21               Payment, then not later than five (5) court days before the Final

22               Approval Hearing, both Parties may file a reply in support of the

23               Motion for Final Approval, and Plaintiff and Class Counsel may

24               also file a reply in support of their motion for the Class

25               Representative Service Payment, the Class Counsel Fees Payments,

26               and the Class Counsel Litigation Expenses Payment.

27           d.    If the Court does not grant final approval of the Settlement or grants

28               final approval conditioned on any material change to the Settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                21          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    (including, but not limited to, the scope of release to be granted by

2    Participating Class Members), then the Parties shall work together

3    in good faith to address any concerns raised by the Court and

4    propose a revised Settlement for the Court's approval.  However, an

5    award by the Court of a lesser amount than that sought by Plaintiff

6    and Class Counsel for the PAGA Payment, Class Representative

7    Service Payment, the Class Counsel Fees Payment, and/or the Class

8    Counsel Litigation Expenses Payment, will not constitute a material

9    modification to the Settlement within the meaning of this

10    paragraph.

11    e.    Upon final approval of the Settlement by the Court at or after the

12    Final Approval Hearing, the Parties will present for the Court's

13    approval and entry the Judgment substantially in the form attached

14    hereto as Exhibit C.  After entry of the Judgment, the Court will

15    have continuing jurisdiction over the Action and the Settlement

16    solely for purposes of (i) enforcing this Agreement, (ii) addressing

17    settlement administration matters, and (iii) addressing such post-

18    Judgment matters as may be appropriate under court rules or

19    applicable law.

20    8.    **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with

21    the terms and conditions of this Agreement, Plaintiff and Participating

22    Class Members who did not timely submit an objection to the Settlement,

23    Defendants, and their respective counsel hereby waive any and all rights to

24    appeal from the Judgment, including all rights to any post-judgment

25    proceeding and appellate proceeding, such as, but not limited to, a motion

26    to vacate judgment, a motion for new trial, and any extraordinary writ.  The

27    waiver of appeal does not include any waiver of the right to oppose any

28    appeal, appellate proceedings or post-judgment proceedings.  If an appeal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                22           JOINT STIPULATION OF CLASS
                                                       AND REPRESENTATIVE ACTION
                                                       SETTLEMENT

1    is taken from the Judgment, the time for consummation of the Settlement
2    (including making payments under the Settlement) will be suspended until
3    such time as the appeal is finally resolved and the Judgment becomes Final.

4    9.    **Vacating, Reversal, or Material Modification of Judgment on Appeal**
5    **or Review.**  If, after a notice of appeal, a petition for review, or a petition
6    for *certiorari*, or any other motion, petition, or application is filed with
7    respect to the Judgment, the reviewing Court vacates, reverses, or modifies
8    the Judgment such that there is a material modification to the Settlement
9    (including, but not limited to, the scope of release to be granted by
10    Participating Class Members), and that Court's decision is not completely
11    reversed and the Judgment is not fully affirmed on review by a higher
12    Court, then the Parties shall work together in good faith to address any
13    concerns raised by the reviewing Court and propose a revised Settlement
14    for the approval of the Court not later than fourteen days after the
15    reviewing Court's decision vacating, reversing, or materially modifying the
16    Judgment becomes Final.  A vacation, reversal, or modification of the
17    Court's award of the Class Representative Service Payment, the Class
18    Counsel Fees Payment, and/or Class Counsel Litigation Expenses Payment
19    will not constitute a vacation, reversal, or material modification of the
20    Judgment within the meaning of this paragraph, provided that Defendant's
21    obligation to make payments under this Settlement will remain limited by
22    the Gross Settlement Amount.

23    10.    **Timing of Settlement Funding and Provision of Settlement Shares and**
24    **Other Payments.**  Defendants shall fund the Gross Settlement Amount by
25    depositing the money with the Settlement Administrator.  Defendants shall
26    fund the Gross Settlement Amount and the amount necessary to pay
27    Defendants' share of payroll taxes within fifteen (15) business days after
28    the Effective Date provided that the Settlement Administrator sends to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                23            JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Defendants' counsel the QSF's IRS Form W-9 on or before the Effective Date. Within ten (10) business days after Defendants fund the Gross Settlement Amount, the Settlement Administrator will make payment of all Settlement Shares to Participating Class Members, as well as payment of Settlement Administration Expenses, the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, the Class Representative Service Payment, and 75% of the PAGA Payment to the LWDA in accordance with this Agreement.

11.     **Uncashed Settlement Share Checks.**  A Participating Class Member must cash his or her Settlement Share check within 180 days after it is mailed to him or her.  If a Participating Class Member's Settlement Share check is not cashed within 120 days after its last mailing to the Participating Class Member, the Settlement Administrator will also send the affected Participating Class Member a notice informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 180-day check-cashing period, the funds from such uncashed checks will be paid to the California State Controller's Unclaimed Property Fund in the name of the Participating Class Member, and the Participating Class Member shall remain bound by the Settlement.  The Parties agree that this disposition results in no "unpaid residue" within the meaning of California Code of Civil Procedure Section 384, as the entire Net Settlement Amount will be paid out to Participating Class Members, whether or not they all cash their Settlement Share checks.

12.     **Final Report by Settlement Administrator to Court.**  Within ten days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will provide the Parties with a declaration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    24                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    providing a final report on the disbursements of all funds from the Gross

2    Settlement Amount.

3    I.    **Release of Claims**.

4    1.    **Participating Class Members**.  As of the Effective Date, all Participating

5    Class Members will release Defendants and the Released Parties from any

6    and all wage and hour claims, obligations, demands, actions, rights, causes

7    of action, and liabilities (including state statutory and common law claims)

8    alleged in the Action, or that could have been alleged based on the facts

9    alleged in the Action, that arose during the Class Period, including: (a)

10    failure to pay overtime; (b) failure to pay minimum wages; (c) failure to

11    timely pay wages during employment; (d) failure to pay final wages on

12    termination; (e) failure to provide accurate itemized wage statements; (f)

13    failure to provide compliant meal and rest periods; (g) failure to pay meal

14    and rest period premiums; (h) failure to reimburse for business-related

15    expenses; (i) failure to pay wages due to discharged and quitting

16    employees; (j) failure to maintain required records; (k) claims that are or

17    were asserted or that could have been asserted based on the facts alleged in

18    the Action; and (l) penalties (including civil and statutory penalties,

19    including penalties under PAGA), liquidated damages, punitive damages,

20    interest, attorneys' fees, litigation costs, restitution, equitable relief, or

21    additional damages which allegedly arise from the claims described in (a)

22    through (k) above under any applicable law, which arose during the Class

23    Period, and expressly excluding all other claims, including claims for

24    wrongful termination, unemployment insurance, disability, social security,

25    workers' compensation, and class claims outside of the Class Period and

26    PAGA claims outside of the PAGA Period ("Released Class Claims").

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          25          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

For purposes of clarity, the Released Class Claims specifically include the following claims:

Statutory Claims: any and all claims based on the facts alleged in this action arising under the Cal. Labor Code, including, §§ 201-204, 210, 218.6, 221-224, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, 1199, 2800, 2802, 2698-2699.5, Cal. Business & Professions Code §§ 17200 *et seq*., Cal. Civil Code §§ 3287-3288, and Cal. Code of Civil Procedure §1021.5, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in this Action, including any versions of the complaints.

Common Law and/or Equitable Claims: Any and all common law or equitable claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Action, including any versions of the complaints.

The release of the Released Class Claims shall be effective as to all Participating Class Members regardless of whether they objected to the Settlement and/or cashed their check for their individual Settlement Share.

2. **Aggrieved Employees.** As of the Effective Date, the Aggrieved Employees will release Defendants and the Released Parties from all PAGA claims for civil penalties alleged in any versions of the complaints filed in the Action and letters to the LWDA which arose during the PAGA Period, excluding all other claims and PAGA claims outside of the PAGA Period ("Released PAGA Claims"). The release of the Released PAGA Claims shall be effective as to all Aggrieved Employees regardless of whether an Aggrieved Employee submitted a request for an exclusion from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR    26    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

the Class, objected to the Settlement, and/or cashed their check(s) for their individual Settlement Share and/or allocation of the PAGA Payment, and the Action shall be dismissed with prejudice as to the Released PAGA Claims.

3.   **Plaintiff**.   As of the Effective Date, Plaintiff generally, releases and discharges Defendants and the Released Parties from any and all claims, transactions or occurrences between them that occurred during the Class Period ("Plaintiff's Released Claims"). This release of Plaintiff's Released Claims releases Defendants and the Released Parties from any claim that Plaintiff could maintain in any action against any Released Party that occurred during the Class Period.   Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights which as a matter of law cannot be waived and released by private agreement, including rights to sue to enforce this Agreement and rights to vested benefits, unemployment benefits, disability benefits, social security benefits, workers' compensation benefits and claims outside the Class Period.

Plaintiff acknowledges that he may discover facts or law different from, or in addition to the facts or law that he knows or believes to be true with respect to the claims and matters released by way of this Agreement and agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects, notwithstanding such different or additional facts or the discovery of them.   The Parties declare and represent that they intend this Agreement to be complete and not subject to any claim of mistake, and that the releases herein express full and complete releases, and that they intend that the releases herein shall be final and complete.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR          27          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

4.      **Plaintiff's Waiver of Rights Under California Civil Code Section 1542.**
As partial consideration for the Class Representative Service Payment, the Plaintiff's Released Claims shall include all such claims, whether known or unknown by the releasing party.  Thus, even if Plaintiff discovers facts and/or claims in addition to or different from those that he now knows or believes to be true with respect to the subject matter of the Plaintiff's Released Claims, those claims will remain released and forever barred. Therefore, with respect to Plaintiff's Released Claims, Plaintiff expressly waives and relinquishes the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time if executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

5.      **Class Counsel**.  As of the date Defendants fully fund the Gross Settlement Amount, and except as otherwise provided by this Agreement and the Judgment, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action and/or PAGA Action.

J.      **No Effect on Other Benefits.**  The Settlement Shares will not result in any additional benefit payments (such as 401(k), pension, or bonus) beyond those provided by this Agreement to Plaintiff or Participating Class Members, and Plaintiff and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

K.      **Limitation on Public Statements About Settlement.**  Neither Class Counsel nor Defendants' Counsel shall publicize the Settlement other than filing documents with the Court. Plaintiff and Class Counsel and Defendants and Defendants' Counsel agree that they will not issue any press releases or initiate any contact with the media about the fact, amount, or terms of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    28                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

the Settlement and/or publicize the Action, the PAGA Action, or the Settlement, including but not limited to on any website or social media account (including, for avoidance of doubt, any website maintained by Class Counsel). If Plaintiff or Class Counsel or Defendants or Defendant's Counsel receives an inquiry about the Settlement from the media, they will decline to comment unless otherwise agreed in writing. This provision shall not prohibit Class Counsel from communicating with Class Members after preliminary approval is granted for the sole purpose of administering the Settlement. This provision also does not limit Class Counsel from complying with ethical obligations or from posting court-filed documents on their website for viewing (if necessary) by Class Members after preliminary approval, which will be removed upon the Effective Date. Nothing in this provision shall prevent Defendants or Plaintiff from making any required disclosures.

L. **Miscellaneous Terms**.

1. **No Admission of Liability or Class Certification for Other Purposes**.

a. Defendants and the Released Parties deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action or a representative action claim is manageable in the PAGA Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties, or an admission by Plaintiff that any of the claims were non-meritorious or any defense asserted by Defendants was meritorious. This Settlement and the fact that Plaintiff and Defendants were willing to settle the Action and PAGA Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to

1  this Agreement).  Nothing in this Agreement shall be constructed as

2  an admission by Defendants of any liability or wrongdoing as to

3  Plaintiff, Class Members, Aggrieved Employees, or any other

4  person, and Defendants specifically disclaim any such liability or

5  wrongdoing.  Moreover, it is not, and it should not be construed as,

6  any admission of fact or law in this matter or any other matter that a

7  class action is appropriate or that a representative action is

8  manageable.  The Parties have entered into this Settlement with the

9  intention of avoiding further disputes and litigation with the

10  attendant inconvenience, expenses and risks.  Nothing in this

11  Agreement shall be construed as an admission by Plaintiff that

12  Plaintiff's claims do not have merit that class action is

13  inappropriate.

14  b.  Whether or not the Judgment becomes Final, neither the Settlement,

15  this Agreement, any document, statement, proceeding or conduct

16  related to the Settlement or the Agreement, nor any reports or

17  accounting of those matters, will be (i) construed as, offered or

18  admitted in evidence as, received as, or deemed to be evidence for

19  any purpose adverse to Plaintiff or Defendants or any of the

20  Released Parties, including, but not limited to, evidence of a

21  presumption, concession, indication or admission by any of the

22  Released Parties of any liability, fault, wrongdoing, omission,

23  concession or damage; or (ii) disclosed, referred to or offered in

24  evidence against any of the Released Parties, in any further

25  proceeding in the Action and/or PAGA Action, or any other civil,

26  criminal or administrative action or proceeding except for purposes

27  of effectuating the Settlement pursuant to this Agreement.

28  c.  This section and all other provisions of this Agreement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    30                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    notwithstanding, any and all provisions of this Agreement may only

2    be admitted in evidence and otherwise used in any and all

3    proceedings for the limited purpose of enforcing any or all terms of

4    this Agreement or defending any claims released or barred by this

5    Agreement.

6    2.    **Representation by Class Counsel/Knowledge of Class Counsel.** Class

7    Counsel represents that other than Plaintiff himself, Class Counsel does not

8    represent any other current or former employees of Defendants in

9    connection with any claims, charges, complaints or other matters against

10    Defendants, and Class Counsel is not aware of any individuals who are

11    planning to bring any claims, charges, complaints, or other matters against

12    Defendants.  Class Counsel also represents that no other attorneys and/or

13    law firms participated in the Action and/or PAGA Action and Class

14    Counsel is not aware of any other attorney and/or law firm that would have

15    a claim for attorneys' fees, costs, lien, or any other relief with respect to the

16    Action and/or PAGA Action.

17    3.    **Integrated Agreement.**  After this Agreement is signed and delivered by

18    all Parties and their counsel, this Agreement and its exhibits will constitute

19    the entire agreement between the Parties relating to the Settlement, and it

20    will then be deemed that no oral representations, warranties, covenants, or

21    inducements have been made to any Party concerning this Agreement or its

22    exhibits other than the representations, warranties, covenants, and

23    inducements expressly stated in this Agreement and its exhibits.

24    4.    **Attorney Authorization.**  Class Counsel and Defendants' Counsel warrant

25    and represent that they are authorized by Plaintiff and Defendants,

26    respectively, to take all appropriate action required or permitted to be taken

27    by such Parties pursuant to this Agreement to effectuate its terms, and to

28    execute any other documents required to effectuate the terms of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                31            JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Agreement including any amendments to this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator for resolution and will split the mediator's additional fees (if any).

5. **No Prior Assignments:** The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

6. **No Tax Advice:** Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

7. **Modification of Agreement**. Except as set forth in section III.L.4 hereinabove, this Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their authorized representatives.

8. **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties and Released Parties.

9. **Applicable Law.** All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR              32              JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1  10.    **Cooperation in Drafting.**  The Parties have cooperated in the drafting and

2        preparation of this Agreement.  This Agreement will not be construed

3        against any Party on the basis that the Party was the drafter or participated

4        in the drafting.

5  11.    **Fair Settlement.**  The Parties and their respective counsel believe and

6        warrant that this Agreement reflects a fair, reasonable, and adequate

7        settlement of the Action and have arrived at this Agreement through arms-

8        length negotiations, taking into account all relevant factors, current and

9        potential.

10  12.   **Use and Return of Documents and Data.**  All originals, copies, and

11        summaries of documents and data provided to Class Counsel by

12        Defendants in connection with the mediation or other settlement

13        negotiations in this matter may be used only with respect to this

14        Settlement, and no other purpose, and may not be used in any way that

15        violates any existing contractual agreement, statute, or rule.  Within thirty

16        days after the Effective Date, Class Counsel will return or destroy and

17        confirm in writing to Defendants the destruction of all such documents and

18        data.

19  13.   **Headings.**  The descriptive heading of any section or paragraph of this

20        Agreement is inserted for convenience of reference only and does not

21        constitute a part of this Agreement.

22  14.   **Notice.**  All notices, demands or other communications given under this

23        Agreement will be in writing and deemed to have been duly given as of the

24        third business day after mailing by United States mail, addressed as

25        follows:

26        *To Plaintiff and the Class:*

27        Norman B. Blumenthal
          Kyle R. Nordrehaug
28        Blumenthal Nordrehaug Bhowmik De Blouw LLP

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                33           JOINT STIPULATION OF CLASS
                                                       AND REPRESENTATIVE ACTION
                                                       SETTLEMENT

2255 Calle Clara
La Jolla, CA 92037
Tel.: (858) 551-1223
Fax: (858) 551-1232
E-Mail: norm@bamlawca.com
        kyle@bamlawca.com

*To Defendants:*

Michael J. Puma
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5305
Fax: (215) 908-1581
E-Mail: Michael.puma@morganlewis.com

Kathy H. Gao
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071
Tel.: (213) 612-2500
Fax: (213) 612-2501
E-Mail: kathy.gao@morganlewis.com

15.    **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

16.    **Stay of Litigation.**  The Parties agree that upon the execution of this Agreement the litigation shall be stayed, except to effectuate the terms of this Agreement, and Class Counsel will not assert any Released Claims against any Released Parties pending final approval.

17.    **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    34                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1     this Settlement.

2        18.    **Severability.**  If any provision of this Agreement or the application thereof

3     is held invalid, such invalidation shall not affect other provisions or

4     applications of this Agreement (except as otherwise expressly provided

5     herein).

6  **IV.    EXECUTION BY PARTIES AND COUNSEL**

7     The Parties and their counsel hereby execute this Agreement.

8  Dated: _____, 2021          PLAINTIFF JAKARI WILSON

9                                         By _____
                                            Jakari Wilson (Sep 28, 2021 10:52 PDT)
10                                          Plaintiff JAKARI WILSON

11 Dated: _____, 2021          DEFENDANTS WHOLESOME HARVEST
                                         BAKING, LLC AND BIMBO BAKEHOUSE
12                                        LLC

                                         By _____
13                                          Defendant WHOLESOME HARVEST
                                            BAKING, LLC AND BIMBO
14                                          BAKEHOUSE LLC

15 Dated: 9/28, 2021                     BLUMENTHAL NORDREHAUG
                                         BHOWMIK DE BLOUW LLP
16
                                         By _____
17                                          Norman Blumenthal
                                            Attorneys for Plaintiff JAKARI WILSON
18
   Dated: October 5, 2021               MORGAN, LEWIS & BOCKIUS LLP
19
                                         By _____
20                                          Kathy H. Gao
                                            Attorneys for Defendants WHOLESOME
21                                          HARVEST BAKING, LLC and
                                            BIMBO BAKEHOUSE LLC
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR          35          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    this Settlement.

2    18.    **Severability.**  If any provision of this Agreement or the application thereof

3    is held invalid, such invalidation shall not affect other provisions or

4    applications of this Agreement (except as otherwise expressly provided

5    herein).

6    **IV.    EXECUTION BY PARTIES AND COUNSEL**

7    The Parties and their counsel hereby execute this Agreement.

8    Dated: _____, 2021          PLAINTIFF JAKARI WILSON

9                                          By _____

10                                            Plaintiff JAKARI WILSON

11   Dated: 10/5/2021 _____, 2021        DEFENDANTS WHOLESOME HARVEST
                                           BAKING, LLC AND BIMBO BAKEHOUSE
12                                         LLC

                                           By *Leticia Garcia* _____
13                                            Defendant WHOLESOME HARVEST
                                              BAKING, LLC AND BIMBO
14                                            BAKEHOUSE LLC

15   Dated: _____, 2021          BLUMENTHAL NORDREHAUG
                                           BHOWMIK DE BLOUW LLP
16
                                           By _____
17                                            Norman Blumenthal
                                              Attorneys for Plaintiff JAKARI WILSON
18
     Dated: _____, 2021          MORGAN, LEWIS & BOCKIUS LLP
19
                                           By _____
20                                            Kathy H. Gao
                                              Attorneys for Defendants WHOLESOME
21                                            HARVEST BAKING, LLC and
                                              BIMBO BAKEHOUSE LLC
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          35          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

# EXHIBIT B

### NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT
### AND HEARING DATE FOR COURT APPROVAL

***(Jakari Wilson v. Wholesome Harvest Baking, LLC et al.,***
**United States District Court, Northern District of California Case No. 4:20-cv-05186-YGR)**

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY**.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Receive a Payment** | To receive a monetary payment from the Settlement, you do **not** have to do anything.<br><br>**Your estimated Settlement Share is: $<<___>>.  See the explanation below.**<br><br>After final approval by the Court, the payment will be mailed to you at the same address as this Notice. If your address has changed, please notify the Settlement Administrator as explained below.  In exchange for the payment, you will release claims against the Defendants as detailed below. |
| **Exclude Yourself** | To exclude yourself, you must send a written request for exclusion to the Settlement Administrator as provided below.  **If you request exclusion, you will receive no money from the Settlement and you will not be bound by the Settlement**. However, if you are an Aggrieved Employee who opts out, you will still be paid your allocation of the PAGA Payment and will remain bound by the release of the Released PAGA Claims regardless of whether you submit a request for exclusion.<br><br>Instructions are set forth below. |
| **Object** | To make an oral objection to the Settlement, either write to the Court about why you do not agree with the Settlement or appear at the Final Approval Hearing on _____ to make an oral objection.<br>Directions are provided below. |

Your options are further explained in this Class Notice. To exclude yourself from, or object to, the Settlement you must take action by certain deadlines. If you want the Settlement as proposed, you don't need to do anything to obtain your share of the Settlement. Defendants will not retaliate against you for any actions you take with respect to the Settlement.

### 1.  Why did I get this Notice?

A proposed class action and Private Attorneys General Act ("PAGA") settlement (the "Settlement") of the above-captioned action pending in the United States District Court for the Northern District of California (the "Court") has been reached between Plaintiff Jakari Wilson ("Plaintiff") and Defendants Wholesome Harvest Baking, LLC and Bimbo Bakehouse LLC ("Defendants") and has been granted preliminary approval by the Court.  **You may be entitled to receive a monetary payment from this Settlement.  The Court has not made a determination about any of the contentions of the parties.  This Notice is not to be understood as an expression of any opinion by the Court as to the merits of the claims or defenses asserted by either side.**

**You have received this Notice because you have been identified as a member of the Class and/or an**

1

**Aggrieved Employee, which are defined as:**

The **Class** is defined as: "all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees during the period June 1, 2016 to _____ [the earlier of Preliminary Approval or November 18, 2021] (the "Class Period")."

**Aggrieved Employees** are defined as: "all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees during the period of time from July 11, 2019 to _____ [the earlier of Preliminary Approval or November 18, 2021] (the "PAGA Period")."

This Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Notice carefully as your rights may be affected by the Settlement.

| 2.   What is this class action lawsuit about? |
| --- |

On June 1, 2020, Plaintiff filed a Complaint against Defendants in the in the Superior Court of the State of California, County of Contra Costa (Case No. C20-00989). Plaintiff asserted claims against Defendants for wage and hour violations under the California Labor Code, including claims for failure to pay minimum wages, failure to pay overtime wages, failure to provide meal and rest periods, failure to provide expense reimbursement, failure to provide accurate wage statements and failure to provide wages when due at termination. On July 28, 2020, Defendants removed the Action to federal court, the United States District Court, Northern District of California, where it is currently pending as *Wilson v. Wholesome Harvest Baking, LLC et al.,* Case No. 4:20-cv-05186-YGR (the "Action"). On July 29, 2021, Plaintiff filed an amended complaint ("Amended Complaint") [Doc. No. 32] which adds, *inter alia*, the Fair Labor Standards Act ("FLSA") claim as a predicate violation to the Unfair Competition Law ("UCL") cause of action in the Action, and a claim under PAGA seeking civil penalties for violations of California Labor Code §§ 201, 202, 203, 204 *et seq*., 210, 226(a), 226.3, 226.7, 351, 510, 512, 558(a)(1)(2), 1174, 1174.5, 1182.12, 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B).

Through mediation on April 14, 2021, the Parties reached a Settlement in order to avoid the risk, inconvenience and expense of further litigation. Plaintiff and his attorneys believe the proposed Settlement is fair, adequate, and in the best interest of the class members to whom it applies given the outcome of their investigation, the consumption of time and resources required in connection with further litigation, and the uncertainty in the law governing some of the claims presented.

Defendants vigorously dispute all claims asserted in this litigation, and further deny that the Action is appropriate for class or representative treatment for any purpose other than this Settlement. Specifically, Defendants maintain that they have properly complied with all laws and regulations, including the California Labor Code. Nothing in this Notice, the Settlement, or actions to carry out the Settlement means that the Defendants admit any fault, guilt, negligence, wrongdoing or liability whatsoever. The Court has not made any findings regarding Plaintiff's claims. Defendants enter into this Settlement for the sole purpose of avoiding the operational burden, expense, and uncertainty of continuing litigation.

The Court granted preliminary approval of the Settlement on <<INSERT PRELIMINARY APPROVAL DATE>>. At that time, the Court also preliminarily approved the Plaintiff to serve as the Class Representative, and the law firm Blumenthal Nordrehaug Bhowmik De Blouw LLP to serve as Class Counsel.

| 3.   What are the terms of the Settlement? |
| --- |

<u>Gross Settlement Amount</u>. Defendants have agreed to pay an "all in" amount of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000) (the "Gross Settlement Amount") to fully resolve the claims in the Action. The Gross Settlement Amount includes all payments of Settlement Shares to the Participating Class Members, as contemplated by the Settlement, Class Counsel's attorneys' fees and costs, Settlement Administration Expenses, the Class Representative Service Payment to the Plaintiff, and the PAGA Payment for civil penalties. Any employer-side payroll taxes on the portion of the Settlement Shares allocated to wages shall be separately paid by Defendants. The entirety of the Gross Settlement Amount will be disbursed. No amount of the Gross Settlement Amount will revert to Defendants for any reason.

<u>Amounts to be Paid From the Gross Settlement Amount</u>. The following proposed payments, subject to Court approval, will be deducted from the Gross Settlement Amount before Settlement Shares are made to Class Members who do not request exclusion ("Participating Class Members"):

- <u>Settlement Administration Expenses</u>. Payment to the Settlement Administrator, estimated not to exceed $20,000, for the expenses of administering the Settlement, including without limitation, expenses of notifying the Class Members of the Settlement, processing opt outs, and distributing Settlement Shares and tax forms, and handling inquiries and uncashed checks.

- <u>Attorneys' Fees and Costs</u>. Payment to Class Counsel of reasonable attorneys' fees not to exceed one-third (1/3) of the Gross Settlement Amount, which is presently $583,333 (the "Class Counsel Fees Payment"), and an additional amount to reimburse actual litigation expenses not to exceed $30,000 (the "Class Counsel Litigation Expenses Payment"). Class Counsel has been prosecuting the Action on behalf of Plaintiff and the proposed Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- <u>Class Representative Service Payment</u>. A Class Representative Service Payment that will not exceed Ten Thousand Dollars ($10,000.00) to Plaintiff, or such lesser amount as may be approved by the Court, to compensate him for his services on behalf of the Class in initiating and prosecuting the Action, and for the risks he undertook.

- <u>PAGA Payment</u>. A payment of $25,000 relating to the claim for penalties under PAGA, which shall be allocated $75% ($18,750) to the State of California's Labor and Workforce Development Agency ("LWDA Payment"), and 25% ($6,250) to be distributed *pro rata* to the Aggrieved Employees based on their respective pay periods worked during the PAGA Period (July 11, 2019 to _____ [the earlier of Preliminary Approval or November 18, 2021]). PAGA Payment shall be allocated to all Aggrieved Employees regardless of whether they request exclusion from the Class.

<u>Calculation of Payments to Participating Class Members</u>. After all of the payments of the court-approved Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the PAGA Payment, and the Settlement Administration Expenses are deducted from the Gross Settlement Amount, the amount remaining is the Net Settlement Amount, which is estimated to be $1,081,667. The Net Settlement Amount shall be distributed to class members who do **not** request exclusion ("Participating Class Members"). The submission of a claim form is not required to be paid. The Net Settlement Amount shall be paid as described below.

The amount paid to each Participating Class Member (individual "Settlement Share") will be calculated as follows: (i) the Settlement Administrator shall divide the Net Settlement Amount by the total number of workweeks the Participating Class Members were employed by Defendants during the Class Period to determine a dollar amount per week ("Weekly Rate"); and (ii) the Settlement Administrator shall then take the number of workweeks each Participating Class Member was employed by Defendants and multiply it by the Weekly Rate to calculate each Participating Class Member's individual Settlement Share.

**If the Settlement is approved by the Court and you do not opt out, you will automatically be mailed a check for your Settlement Share to the same address as this Notice. You do not have to do anything to receive a payment.** If your address has changed, you must contact the Settlement Administrator to inform them of your correct address to ensure you receive your payment.

<u>Tax Matters</u>. One-third (1/3) of each Participating Class Member's Settlement Share shall be treated as wages, subject to normal wage withholdings, and shall be reported on IRS Form W-2s. Two-Thirds (2/3) of each Participating Class Member's Settlement Share shall be treated as interest and penalties, which will not subject to wage withholdings and shall be reported on IRS Form 1099s.

The employee portion of all applicable income and payroll taxes will be the responsibility of the Participating Class Members. Neither Class Counsel nor Defendants' Counsel intend anything contained in this Notice to constitute advice regarding taxes or taxability. The tax issues for each Participating Class Member are unique to each person, and each Participating Class Member may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

<u>Conditions of Settlement</u>. This Settlement is conditioned upon the Court entering an order granting final approval of the Settlement.

| 4. What Do I Release Under the Settlement? |
|---|

<u>Released Class Claims</u>. As of the Effective Date, all Participating Class Members will release Defendants and the Released Parties from any and all wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims) alleged in the Action, or that could have been alleged based on the facts alleged in the Action, that arose during the Class Period, including: (a) failure to pay overtime; (b) failure to pay minimum wages; (c) failure to timely pay wages during employment; (d) failure to pay final wages on termination; (e) failure to provide accurate itemized wage statements; (f) failure to provide compliant meal and rest periods; (g) failure to pay meal and rest period premiums; (h) failure to reimburse for business-related expenses; (i) failure to pay wages due to discharged and quitting employees; (j) failure to maintain required records; (k) claims that are or were asserted or that could have been asserted based on the facts alleged in the Action; and (l) penalties (including civil and statutory penalties, including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described in (a) through (k) above under any applicable law, which arose during the Class Period, and expressly excluding all other claims, including claims for wrongful termination, unemployment insurance, disability, social security, workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the PAGA Period ("Released Class Claims").

For purposes of clarity, the Released Class Claims specifically include the following claims: <u>Statutory Claims</u>: any and all claims based on the facts alleged in this action arising under the Cal. Labor Code, including, §§ 201-204, 210, 218.6, 221-224, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, 1199, 2800, 2802, 2698-2699.5, Cal. Business & Professions Code §§ 17200 et seq., Cal. Civil Code §§ 3287-3288, and Cal. Code of Civil Procedure §1021.5, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in this Action, including any versions of the complaints. <u>Common Law and/or Equitable Claims</u>: Any and all common law or equitable claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Action, including any versions of the complaints.

The release of the Released Class Claims shall be effective as to all Participating Class Members regardless of whether they objected to the Settlement and/or cashed their check for their individual Settlement Share.

This means that, if you do not timely exclude yourself from the settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants and any other Released Party about the Released Class Claims

resolved by this Settlement. It also means that all of the Court's orders in this Action will apply to you and legally bind you.

<u>Released PAGA Claims</u>. As of the Effective Date, the Aggrieved Employees will release Defendants and the Released Parties from all PAGA claims for civil penalties alleged in any versions of the complaints filed in the Action and letters to the LWDA which arose during the PAGA Period, excluding all other claims and PAGA claims outside of the PAGA Period ("Released PAGA Claims"). The release of the Released PAGA Claims shall be effective as to all Aggrieved Employees regardless of whether an Aggrieved Employee submitted a request for an exclusion from the Class, objected to the Settlement, and/or cashed their check(s) for their individual Settlement Share and/or allocation of the PAGA Payment.

## 5. How much will my payment be?

**[Your approximate dates of employment with Wholesome Harvest Baking, LLC and/or Bimbo Bakehouse LLC are <<_____>>. Your estimated Settlement Share is: $<<___>>. ]**

**The actual amount that you receive could be more or less than the above estimated amount(s), depending on the final settlement terms approved by the Court.**

If you wish to dispute your dates of employment set forth above, you must submit a written, signed dispute setting forth the basis for the dispute, along with supporting documents, to the Settlement Administrator at the address provided in this Notice no later than _____, [forty-five (45) calendar days after the Notice or 60 days in the case of re-mailing].

## 6. How can I get a payment?

**To be mailed a monetary payment from the Settlement, you do not have to do anything**. A check for your Settlement Share will be mailed to the same address as this Notice. If your address is incorrect or has changed, you must notify the Settlement Administrator. The Settlement Administrator is: _____ (800) _____.

The Court will hold a hearing on _____ to decide whether to approve the Settlement. If the Court approves the Settlement and there are no objections or appeals, payments will be mailed within approximately two months after this hearing. If there are objections or appeals, resolving them can take time, perhaps more than a year. Please be patient.

## 7. What if I don't want to be a part of the Settlement?

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out." **If you opt out, you will not receive a Settlement Share from the Settlement, and you will not be bound by the Settlement which means you will retain the right to sue Defendants for Released Class Claims.** However, Aggrieved Employees who opt out will still be paid their allocation of the PAGA Payment and will remain bound by the release of the Released PAGA Claims regardless of whether they submit a request for exclusion.

To opt out, you must submit to the Settlement Administrator, by First Class Mail, a written, signed and dated request to opt-out postmarked no later than _____ [forty-five (45) calendar days after the Notice or 60 days in the case of re-mailing]. The request to opt-out should state in substance: "I have read the Class Notice and I wish to opt-out of the class action and settlement of the case *Wilson v. Wholesome Harvest Baking, LLC*, Case No. Case No. 4:20-cv-05186-YGR." The request to opt-out must contain your name, address and signature. To be valid, the request to opt-out must be completed by you and must be timely submitted to the Settlement Administrator. No other person may opt-out for a living member of the Class.

The address for the Settlement Administrator is _____. Written

requests for exclusion that are postmarked after _____ [forty-five (45) calendar days after the Notice or 60 days in the case of re-mailing], or are incomplete or unsigned will be rejected, and those Class Members will remain bound by the Settlement and the releases described above.

## 8.  How do I tell the Court that I don't like the Settlement?

Any Class Member who has not opted out but believes that the Settlement should not be finally approved by the Court for any reason may object to the proposed Settlement or to the motion for attorneys' fees, costs and service award (which will be posted for viewing on or before _____ [35 days before objection deadline] on Class Counsel's website at www.bamlawca.com under "Class Notices" for *Wilson v. Wholesome Harvest Baking, LLC)*. The "Class Notices" page can be found under the "Case Info" tab on the website's homepage. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be made in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number which is *Wilson v. Wholesome Harvest Baking, LLC* in the United States District Court for the Northern District of California, Case No. Case No. 4:20-cv-05186-YGR, (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____ [forty-five (45) calendar days after the Notice or 60 days in the case of re-mailing]. Written objections should also state your (the Class Member's) name, current address, telephone number, and describe why you believe the Settlement is unfair and whether you intend to appear at the Final Approval Hearing. Class Members may appear at the Final Approval Hearing on _____ to make an oral objection. You may check the Court's docket, for a fee, for the date of the Final Approval Hearing using PACER at https://ecf.cand.uscourts.gov and entering the Case No. 4:20-cv-05186.

To object to the Settlement, you must not opt out, and if the Court approves the Settlement despite your objection, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided in this Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

## 9.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 00:00 AM/PM on _____, at the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612, in Courtroom 1 on the 4th Floor before District Judge Yvonne Gonzalez Rogers. This hearing may be rescheduled by the Court without further notice to you. You may confirm the date of the hearing using PACER, for a fee, at https://ecf.cand.uscourts.gov entering the Case No. 4:20-cv-05186.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. The purpose of this hearing is for the Court to determine whether to grant final approval of the Settlement and to fix the amounts to be paid as attorneys' fees and costs to Class Counsel and as a service payment to Plaintiff. If there are objections, the Court will consider them. The Court will listen to people who have made a timely written request to speak at the hearing. Please note that currently the Court is holding hearing remotely via Zoom and instructions can be found at https://www.cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/. **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

**10. How do I get more information about the Settlement?**

You may call the Settlement Administrator at _____ or write to *Wilson v. Wholesome Harvest Baking, LLC* Settlement Administrator, c/o _____; or contact Class Counsel.

The addresses for Parties' counsel are as follows:

<u>**Class Counsel**</u>:
Norman Blumenthal
Blumenthal Nordrehaug Bhowmik
De Blouw LLP
2255 Calle Clara
La Jolla, CA 92037
Tel: 858-551-1223 / Fax: 858-551-1232
Email: Norm@bamlawca.com
Website: www.bamlawca.com

<u>**Counsel for Defendant**</u>:
Kathy H. Gao
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement. You may receive a copy of the Settlement Agreement, the motions for approval, the motion for attorneys' fees, costs, and service award, the Final Judgment or other Settlement documents by writing to Class Counsel as listed above or by going to Class Counsel's website at www.bamlawca.com under "Class Notices" for *Wilson v. Wholesome Harvest Baking, LLC.* The "Class Notices" page can be found under the "Case Info" tab on the website's homepage. You may also get more details by examining the Court's file, for a fee, using PACER at https://ecf.cand.uscourts.gov and entering the Case No. 4:20-cv-05186, or by going to the Clerk's Office located 1301 Clay Street, Oakland, CA 94612, in Suite 400S, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE <u>DO NOT</u> CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THIS NOTICE.**

<u>IMPORTANT</u>:

- You must inform the Settlement Administrator of any change of address to ensure proper mailing of your Settlement Payment.

- Settlement checks will be null and void 180 days after issuance if not deposited or cashed. If the check of a Participating Class Member remains uncashed by the expiration date, the funds from such uncashed checks will be paid to the California Controller's Unclaimed Property Fund in the name of and for the benefit of the Participating Class Member who did not cash their check where the funds may be claimed. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.