# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAKARI WILSON,

        PLAINTIFF,

    V.

WHOLESOME HARVEST BAKING, LLC, ET AL.

        Defendants.

CASE NO.  20-cv-5186-YGR
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES, COSTS, AND SERVICE AWARD; AND

JUDGMENT

Re: Dkt. Nos. 46 and 47

The Court previously granted plaintiff's Motion for Preliminary Approval of the Class Action Settlement in this matter on December 17, 2021.  (Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), Dkt. No 43.)  On June 10, 2022, plaintiff filed a Motion for Attorney's Fees, Costs, and Service Award. (Dkt. No. 46.)

On August 5, 2022, plaintiff filed a Motion for Final Settlement Approval (Dkt. No. 47.) The Court held a hearing on September 13, 2022 on the pending motions.

Having considered the motion briefing, the terms of the Settlement Agreement, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the Motion for Final Approval.  In general, the Court finds the settlement fair, adequate, and reasonable.  The provisional appointments of the class representatives and class counsel are confirmed.  The Motion for Attorney's fees, Costs, and Service Award is **GRANTED IN PART AND DENIED IN PART**.  The Court **ORDERS** that class counsel shall be paid $461,899 in attorney's fees and $16,477.55 in litigation costs and that named plaintiff Jakari Wilson shall be paid a $10,000 incentive award.

## I.    BACKGROUND

Plaintiff initially filed this class action complaint on June 1, 2020 against defendants Wholesome Harvest Baking, LLC and Bimbo Bakehouse, LLC in Contra Costa County Superior Court alleging that defendants violated state labor employment laws when defendants failed to pay their employees for overtime, meal breaks, and other state requirements. (Dkt. No. 1-1.) On July 28,

United States District Court
Northern District of California

2020, defendants removed this case to the Northern District of California based on the Class Action Fairness Act. (Dkt. No. 1.)

On September 14, 2020, plaintiff filed a Private Attorneys General Act ("PAGA") complaint in Contra Costa County Superior Court. (Dkt. No. 47-1, Declaration of Norma Blumenthal, "Blumenthal Decl." ¶ 6.)

On July 29, 2021, plaintiff filed an amended complaint in this present action which added the PAGA claim as set forth in the PAGA action. The amended complaint alleges the following causes of action against defendants: (1) unlawful business practices under California Business and Professions Code § 17200 *et seq.* ("UCL"); (2) failure to pay minimum wages in violation of California Labor Codes Section 1194, 1182.12, 1197, and 1197.1; (3) failure to pay overtime compensation in violation of California Labor Code Section 510; (4) failure to provide required meal periods in violation of California Labor Code Section 226.7 and 512; (5) failure to provide required rest periods in violation of California Labor Code Sections 226.7 and 512; (6) failure to reimburse employees for required expenses in violation of California Labor Code Sections 2802; (7) failure to provide accurate itemized statements in violation of California Labor Code Sections 226 and 1174; (8) failure to pay wages when due in violation of California Labor Code Section 201, 202, and 203; and (9) violation of the Private Attorneys General Act. (Dkt. No. 32.)

The parties reached a settlement prior to class certification with the assistance of an experienced mediator, Tripper Ortman. Plaintiff then moved for preliminary approval of the class settlement on October 29, 2021. On December 17, 2021, the Court granted plaintiff's Motion for Preliminary Approval of the Class Settlement.

## II.  TERMS OF THE SETTLEMENT AGREEMENT

### A.  Monetary Relief

In summary, the settlement provides $1,750,000. (*See* Ex. A, Settlement Agreement). The Settlement Agreement appears to have been the product of arm's length and informed negotiations with the assistance of an experienced mediator.  The relief provided for the settlement class appears to be adequate, taking into account:

(i) the costs and risks associated with trial and appeal;

United States District Court
Northern District of California

United States District Court
Northern District of California

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreements required to be identified under Rule 23(e)(3) (in this case, none).

Moreover, the Settlement Agreement appears to treat class members equitably relative to each other. The Settlement Agreement provides:

> Each Class Member who does not request exclusion ("Participating Class Members") shall be entitled to a pro rata portion of the Net Settlement Amount. The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks the Participating Class Members were employed by Defendants during the Class Period to determine a dollar amount per week ("Weekly Rate"); and (ii) multiplying the number of workweeks each Participating Class Member was employed by Defendants by the Weekly Rate to calculate each Participating Class Member's individual Settlement Share.

Settlement Agreement at ¶ III(D)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and therefore approves the parties' Settlement Agreement.

**B.    Attorney's Fees and Costs**

Under the Settlement Agreement, class counsel agreed to seek attorney's fees plus reimbursement of class counsel's costs and expenses. The parties also agreed that plaintiff should be awarded up to $10,000 as a Class Representative Service Payment award in addition to plaintiff's individual portion of the settlement shares to be paid to plaintiff.

**C.    Class Member Release**

As of the Effective Date, all Participating class members will release defendants and the released parties from any and all wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities (including state statutory and common law claims) alleged in the action, or that could have been alleged based on the facts alleged in the Action, that arose during the Class Period, including: (a) failure to pay overtime; (b) failure to pay minimum wages; (c) failure to timely pay wages during employment; (d) failure to pay final wages on termination; (e)

failure to provide accurate itemized wage statements; (f) failure to provide compliant meal and rest periods; (g) failure to pay meal and rest period premiums; (h) failure to reimburse for business-related expenses; (i) failure to pay wages due to discharged and quitting employees; (j) failure to maintain required records; (k) claims that are or were asserted or that could have been asserted based on the facts alleged in the Action; and (l) penalties (including civil and statutory penalties, including penalties under PAGA), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages which allegedly arise from the claims described in (a) through (k) above under any applicable law, which arose during the Class Period, and expressly excluding all other claims, including claims for wrongful termination, unemployment insurance, disability, social security, workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the PAGA Period ("Released Class Claims").

For purposes of clarity, the Released Class Claims specifically include the following claims:

Statutory Claims: any and all claims based on the facts alleged in this action arising under the Cal. Labor Code, including, §§ 201-204, 210, 218.6, 221-224, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, 1199, 2800, 2802, 2698-2699.5, Cal. Business & Professions Code §§ 17200 *et seq*., Cal. Civil Code §§ 3287-3288, and Cal. Code of Civil Procedure §1021.5, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in this Action, including any versions of the complaints.

Common Law and/or Equitable Claims: Any and all common law or equitable claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Action, including any versions of the complaints.

The release of the Released Class Claims shall be effective as to all Participating Class Members regardless of whether they objected to the Settlement and/or cashed their check for their individual Settlement Share.

### D.    Class Notice and Claims Administration

Pursuant to the Settlement Agreement, the Court appointed ILYM Group to administer the settlement and to contact the class members in the manner set forth therein and including the attachments contained within the Preliminary Approval Order.  Class members were given until June 27, 2022 to object to or exclude themselves from the Settlement Agreement.  Only one class member opted out and not a single member objected to the class settlement.

## III.    FINAL APPROVAL OF SETTLEMENT

### A.    Legal Standard

A court may approve a proposed class action settlement of a class proposed to be certified only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification.  Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), o*verruled on other grounds by Dukes*, 564 U.S. at 131.  The *Hanlon* court identified the following factors as relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).  In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

Settlements that occur before formal class certification also "require a higher standard of fairness."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth Headset*

*Prods. Liab. Litig.*, 654 F.3d at 946–47.

### B.    Class Definition and Basis for Certification

The Settlement Agreement, attached hereto as **Exhibit A**, originally defined the class as:

> The class is defined as all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees from June 1, 2016 to the earlier of preliminary approval of the settlement or November 18, 2021.

However, on March 30, 2022, the parties filed a joint stipulation to shorten the class and PAGA release periods. (Dkt. No. 45.) Under the parties' stipulation, the class period and PAGA release periods were shortened by approximately seven months, to April 14, 2021. (*Id.*) This change was necessitated by defendants' subsequent identification of additional workweeks worked by class members that were not previously accounted for in the parties' settlement discussions and negotiations. (*Id.*)

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the settlement class includes approximately 729 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Plaintiff brought the following causes of action: (i) unfair competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (ii) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1182.12, 1194, 1197, & 1197.1; (iii) failure to pay overtime wages in violation to Cal. Lab. Code § 510, *et seq*.,; (iv) failure to provide required meal periods in violation of Cal. Lab. Code §§ 226.7 & 512; (v) failure to provide required rest periods in violation of Cal. Lab. Code §§ 226.7 & 512; (vi) failure to reimburse employees for required expenses in violation of Cal. Lab. Code § 2802; (vii) failure to provide accurate itemized statements in violation of Cal. Lab. Code §§ 226 and 1174; (viii) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; and (ix) violation of the Private Attorneys General Act, Labor Code §§ 2698, *et seq.*  (*See* Dkt. No. 32). The focus of this action is

United States District Court
Northern District of California

common to all class members, namely whether defendants failed to fully compensate its non-exempt employees during the class period.  Wage and hour cases are particularly appropriate for class treatment as the allegations regarding the defendants' conduct, and the evidence of the same, impacts the class generally.

Rule 23(a)(3) requires that plaintiff shows that the claims or defenses of the representative party is typical of the claims or defenses of the class. Plaintiff and members of the settlement class's claims all stem from the same alleged conduct, making plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds that the representative party and class counsel have fairly and adequately represented the interests of the settlement class.  No conflicts of interest appear as between plaintiff and the members of the settlement class.  Class Counsel are deeply versed in this area of the law and have demonstrated that they are qualified and have experience with prosecuting class actions of this kind and therefore adequate to represent the settlement class as well.

The settlement class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here.

Based on the foregoing, the proposed class is certified pursuant to Rule 23(c).

### C.    Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court approved the parties' proposed notice procedures when it granted preliminary approval. Pursuant to those procedures, the class administrator provided class members with individual direct notice via first-class regular U.S. mail. As part of preparing to mail the class notices, all class members' names and addresses were processed against the National Change of Address ("NCOA") database maintained by the U.S Postal Service. (Dkt. No. 47-2, Declaration of Madely Nava, "Nava Declaration" ¶ 6.) To the extent a new address was found in the NCOA database, notice was sent to the updated address. If no updated address was found in the NCOA database, the original address provided by defendants' counsel was used for mailing of the class notice packet. (*Id.*) To date, only twenty packets have been returned as undeliverable. (*Id.* ¶ 10.) ILYM Group has attempted to skip trace these addresses to no avail. (*Id.*)

The Class Notice informed Class Members of the terms of the Settlement, their right to receive a settlement share, their right to comment on or object to the settlement and/or the attorneys' fees and costs, their right to elect not to participate in the settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the settlement. Adequate periods of time were provided by each of these procedures.

Based upon the foregoing, the Court finds that the settlement class has been provided adequate notice.

### D.    Settlement Agreement Appears Fair and Reasonable

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Absent the settlement, plaintiff would have been required to show that defendants violated various state labor laws. Further, the parties would have faced a protracted litigation course, including but not limited to a contested motion for class certification, motions for summary judgment, and trial. Proceeding to trial would have been costly; recovery was not

1  guaranteed; and there was the possibility of protracted appeals.

2      The Settlement Agreement appears to have been the product of arm's length and informed

3  negotiations.  Settlement negotiations took place between experienced counsel and was facilitated

4  by an experienced mediator. Moreover, prior to entering into settlement negotiations, Class

5  Counsel received class data concerning the class and retained a damages expert to conduct a

6  maximum valuation. Thus, the parties have vetted their claims and know the strengths and

7  weaknesses of their case.

8      In addition, the parties engaged in a formal mediation session and several subsequent

9  sessions conducted by mediator Tripper Ortman which demonstrates that the settlement reached

10  by the parties was a result of serious, informed, non-collusive, and arms-length negotiation.

11  Counsel for both parties are highly experienced.  Accordingly, the Court finds that the record does

12  not indicate collusion or self-dealing.  *See In re Bluetooth*, 654 F.3d at 946-47.

13      The relief provided for the Class appears to be adequate, taking into account: (i) the costs,

14  risks, and delay of class certification, trial and appeal; (ii) the effectiveness of any proposed method

15  of distributing relief to the class; (iii) the terms of any proposed award of attorney's fees, including

16  timing of payment; and (iv) any agreements required to be identified under Rule 23(e)(3).

17  Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

18      The reaction of the class was entirely positive.  As noted, the Court only received one opt-

19  out and not a single objection after the notice plan. "[T]he absence of a large number of objections

20  to a proposed class action settlement raises a strong presumption that the terms of a proposed class

21  settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559

22  F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at

23  577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs

24  (0.56%) out of 90,000 class members was proper).

25      **E.      Other Findings**

26      **Notice to Government Agencies:**  Defendants provided the required notice to federal and

27  state attorneys general under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1715(b).  (*See*

28  Dkt. No. 51-1.)  Notice occurred more than 90 days before the date of this order, as required by 28

*United States District Court*
*Northern District of California*

9

U.S.C. § 1715(d). Plaintiff provided the required notice to the Labor & Workforce Development Agency. (*See* Dkt. No. 51.)

### F. Certification is Granted and the Settlement is Approved

After reviewing all of the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the settlement class as defined therein to be proper. Accordingly, the Court grants class certification to the following settlement class:

> The class is defined as all individuals who are or previously were employed by Defendants in California who were classified as non-exempt employees from June 1, 2016 to the earlier of preliminary approval of the settlement or April 14, 2021.

## IV.    MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

### A. Attorney's Fees

Attorney's fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

The Court analyzes an attorney's fee request based on either the "lodestar" method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45 (citing *Vizcaino,* 290 F.3d at 1050–51.)

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A court

United States District Court
Northern District of California

1   calculates the lodestar figure by multiplying the number of hours reasonably expended on a case

2   by a reasonable hourly rate.  A reasonable hourly rate is ordinarily the 'prevailing market rate [] in

3   the relevant community.'").  Under the percentage-of-the-fund method, courts in the Ninth Circuit

4   "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing

5   adequate explanation in the record of any 'special circumstances' justifying a departure."  *In re*

6   *Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d

7   1301, 1311 (9th Cir. 1990)).  The benchmark should be adjusted when the percentage recovery

8   would be "either too small or too large in light of the hours devoted to the case or other relevant

9   factors."  *Six (6) Mexican Workers*, 904 F.2d at 1311.  When using the percentage-of-recovery

10  method, courts consider a number of factors, including whether class counsel "'achieved

11  exceptional results for the class,' whether the case was risky for class counsel, whether counsel's

12  performance 'generated benefits beyond the cash settlement fund,' the market rate for the

13  particular field of law (in some circumstances), the burdens class counsel experienced while

14  litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled

15  on a contingency basis."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir.

16  2015) (quoting *Vizcaino*, 290 F.3d at 1047-50.  "[T]he most critical factor [in determining

17  appropriate attorney's fee awards] is the degree of success obtained."  *Hensley v. Eckerhart*, 461

18  U.S. 424, 436 (1983).  The Ninth Circuit has made clear that in "megafund" cases, courts may

19  "employ the lodestar method instead" of the percentage-of-recovery method if rote application of

20  the 25% benchmark "would yield windfall profits for class counsel in light of the hours spent on

21  the case." *In re Bluetooth,* 654 F.3d at 942.

22      Here, class counsel advocates applying the percentage-of-the-fund method. Class counsel

23  requests $583,333 which is one-third of the $1,750,000 cash common fund. The attorney's fees

24  sought reflects a multiplier of 2.5 of the actual lodestar totaling $230,949.25. Class counsel argues

25  that the Court should award the requested fees because of the extraordinary results, the level of

26  risks involved, and the approval in similar cases.

27      Here, the Court applies the percentage-of-the-fund method. As a starting point, the Court

28  finds that 25% of the common fund method is inherently reasonable. *See, e.g., In re Bluetooth*

*Headset Prod. Liab. Litig.*, 654 F.3d at 941–42 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). However, the Court maintains its discretion to adjust upward or downward. *Haralson v. U.S. Aviation Servs. Corp.*, 2021 WL 5033832, at *7 (N.D. Cal. Feb. 3, 2021).

In applying the percentage-of-the-fund method, the Court finds that an award of approximately 26.4 percent (actual amount $461,899) is appropriate. The Court also applies the lodestar method as a cross-check. *In re Bluetooth*, 654 F.3d at 944–45. Class counsel has submitted a declaration describing its billing rates and hours worked for this case. Having reviewed the billing records, the Court finds them reasonable in light of the prevailing rates in this district and that class counsel has submitted adequate documentation justifying those rates. The Court also finds that the billing records adequately reflect the amount of time reasonably spent on this litigation. Accordingly, the Court finds that class counsel's reported total lodestar of $230,949.25, which covers 362.50 hours of time worked, reasonable.

The Court's award of $461,899 represents a positive multiplier of 2.0. As indicated above, the Court may "adjust" the lodestar figures "upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *In re Bluetooth*, 654 F.3d at 941-42.

The Court concludes that a positive multiplier of 2.0 is appropriate for class counsel and would adequately reward class counsel for the work performed in this litigation. The Court recognizes that class counsel has achieved significant benefits for the class and that class counsel assumed a risk of nonpayment while litigating this case.

That said, the Court does not find counsel's request for one-third of the class fund justified given the infancy of this matter. The parties reached a settlement a little over a year after the case was filed. (*See* Dkt. No. 33.) Because of that, counsel did not have to file a motion for class certification, a motion for summary judgment, or any other pre-trial motions. Nor does the record indicate that the parties were engaged in extensive discovery or factual finding.

Based on the foregoing, the Court awards class counsel $461,899 in attorney's fees which represents approximately 26.4% of the class cash fund and a 2.0 positive multiplier to class counsel's lodestar of $230,949.25.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses in the amount of $16,477.55. The Court finds an award of $16,477.55 in costs reasonable, fair, and adequate.

### C. Service Awards

The district court must evaluate named plaintiffs' requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977. "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009). The Ninth Circuit has emphasized that district courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, class representative Jakari Wilson is a former employee of defendants who bore significant risks in bringing this employment lawsuit in his own name. Further, Mr. Wilson devoted a significant amount of time to litigating the action. Mr. Wilson spoke with his attorneys several times both prior to the complaint being filed and after, gave information about defendants' policies and procedures, collected and reviewed documents, and neither derived a personal benefit

United States District Court
Northern District of California

beyond any recovery to the class. Because the laws are not self-enforcing, it is appropriate to give incentives to those who come forward with little to gain and who work to achieve a settlement that confers substantial benefits on others.  Thus, the Court approves a request for an incentive award payment for plaintiff in the amount of $10,000.  While the Court does not usually grant such high service awards, the Court finds that a $10,000 service award is warranted here given the nature of the case and the potential for such case to have a negative impact on plaintiff.

Based on the foregoing, the Court orders Mr. Wilson a service award in the amount of $10,000.

**V.     CONCLUSION**

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorney's fees, costs, and service awards is **GRANTED IN PART AND DENIED IN PART** as follows: Class Counsel is awarded $461,899 in attorney's fees and $16,477.55 in litigation costs.  Plaintiff is granted an incentive award of $10,000.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement issued on December 17, 2021, and this Order.  This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The Court **SETS** a compliance deadline on **MAY 26, 2023** on the Court's 9:01 a.m. calendar to verify timely filing of the post-distribution accounting. All compliance deadlines are decided on the papers and personal appearances are not necessary.  Five (5) business days prior to the date of the compliance deadline, the parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements. If the compliance deadline is complied with, the Court will vacate the compliance deadline. Failure to comply may result in an additional conference being set or appropriate sanctions.

This terminates Docket Nos. 46 and 47.

**Is So Ordered.**

Dated: September 14, 2022

_____

**Yvonne Gonzalez Rogers**
**United States District Court Judge**

United States District Court
Northern District of California

# EXHIBIT A

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Piya Mukherjee (State Bar #274217)
  Charlotte E. James (State Bar #308441)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff JAKARI WILSON

**MORGAN, LEWIS & BOCKIUS LLP**
Michael J. Puma, *Admitted Pro Hac Vice*
michael.puma@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5305
Fax: 215.908.1581

**MORGAN, LEWIS & BOCKIUS LLP**
Kathy H. Gao, Bar No. 259019
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
kathy.gao@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Claire M. Lesikar, Bar No. 311180
claire.lesikar@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
WHOLESOME HARVEST BAKING,
LLC and BIMBO BAKEHOUSE LLC
(formerly known as Wholesome Harvest
Baking, LLC)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKARI WILSON, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>WHOLESOME HARVEST BAKING, LLC, a Limited Liability Company; BIMBO BAKEHOUSE LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>           Defendants. | CASE No. 4:20-cv-05186-YGR<br><br>CLASS ACTION<br><br>**JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Date: _____, 2021<br>Time:<br>Courtroom: 1, Fourth Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR

JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    <u>**JOINT STIPULATION OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**</u>

2    This Class Action Settlement Agreement ("Agreement") is made by and between Plaintiff

3    Jakari Wilson ("Plaintiff") and Defendants Wholesome Harvest Baking, LLC and/or Bimbo

4    Bakehouse LLC ("Defendants").  Plaintiff and Defendants collectively are referred to in this

5    Agreement as the "Parties."

6    **I.    <u>DEFINITIONS</u>**

7    In addition to other terms defined in this Agreement, the terms below have the following

8    meaning in this Agreement:

9    A.    "Action" means the class and representative action pending in the United States

10    District Court in and for the Northern District of California, which is captioned *Wilson v.*

11    *Wholesome Harvest Baking, LLC, et al.,* Case No. 4:20-cv-05186-YGR, and was originally filed

12    in the Superior Court of the State of California, County of Contra Costa, Case No. C20-00989.

13    B.    "Aggrieved Employees" means all individuals who are or previously were

14    employed by Defendants in California who were classified as non-exempt employees during the

15    PAGA Period.

16    C.    "Class" means all individuals who are or previously were employed by Defendants

17    in California who were classified as non-exempt employees during the Class Period, approved for

18    settlement purposes only.

19    D.    "Class Counsel" means Norman B. Blumenthal, Kyle R. Nordrehaug, and Aparajit

20    Bhowmik of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

21    E.    "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment"

22    mean the amounts to be paid to Class Counsel for fees and expenses, respectively, as approved by

23    the Court, to compensate Class Counsel for their legal work in connection with the Action,

24    including their pre-filing investigation, their filing of the Action, all related litigation activities, all

25    Settlement work, all post-Settlement compliance procedures, and related litigation expenses billed

26    in connection with the Action.

27    F.    "Class Data" means, for each Class Member, his or her name; last-known mailing

28    address; Social Security number; employee identification number; personal email address (if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                1                JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

known); and weeks worked during the Class Period as a Class Member and pay periods worked during the PAGA Period.

G.    "Class Member" is a member of the Class.

H.    "Class Notice" means the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval substantively in the form attached hereto as Exhibit A to this Agreement and incorporated by reference into this Agreement.

I.    "Class Notice Packet" means the Class Notice to be provided to the Class Members by the Settlement Administrator in the form set forth as Exhibit A to this Agreement (other than formatting changes to facilitate printing by the Settlement Administrator).

J.    "Class Period" means the period of time from June 1, 2016 to the earlier of Preliminary Approval of the Settlement or November 18, 2021.

K.    "Class Representative Service Payment" means the service payment, as approved by the Court,  to be paid to the Plaintiff in his capacity as Class Representative in order to compensate him for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendant's expenses in the event Plaintiff was unsuccessful in the prosecution of the Action, and for the general release of all claims by the Plaintiff.

L.    "Court" means the United States District Court in and for the Northern District of California.

M.    "Defendants" means Wholesome Harvest Baking, LLC and Bimbo Bakehouse LLC.

N.    "Defendants' Counsel" means Michael J. Puma, Kathy H. Gao and Claire M. Lesikar of Morgan, Lewis & Bockius LLP.

O.    "Effective Date" means the date by which all of the following have occurred:

1.    This Agreement is approved by the Court; and

2.    The Judgment becomes Final as defined in Section I(Q) of this Agreement.

P.    "Election Not to Participate in Settlement" means the written request by a Class Member to be excluded from the Settlement submitted in accordance with the instructions in the Class Notice.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                 2          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Q.      "Final" means the last of the following dates, as applicable:

1.      If no objection to the Settlement is made, the date the Judgment is entered.

2.      If an objection to the Settlement is made and Judgment is entered, the last date on which a notice of appeal from the Judgment may be filed  if no appeal is filed.

3.      If Judgment is entered and a timely appeal from the Judgment is filed, the date the appeal is resolved resulting in final judicial approval of the Settlement and the Judgment is no longer subject to appeal.

R.      "Final Approval Hearing" means the hearing to be conducted by the Court to determine whether to approve finally and implement the terms of this Agreement and enter the Judgment.

S.      "Gross Settlement Amount" means One Million Seven Hundred Fifty Thousand Dollars ($1,750,000) to be paid by Defendants as provided by this Agreement.  This Gross Settlement Amount is an all-in amount without any reversion to Defendants and shall be inclusive of all payments of Settlement Shares to the Participating Class Members, Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Service Payment, and the PAGA Payment, and excluding employer payroll taxes, if any, due on the portion of the Settlement Shares allocated to wages which shall not be paid from the Gross Settlement and shall be the separate additional obligation of Defendants.  The Gross Settlement Amount shall be paid without the need to submit a claim form for Participating Class Members.

T.      "Judgment" means the Final Approval Order and Judgment entered by the Court substantially in the form attached hereto as Exhibit C to this Agreement and incorporated by reference into this Agreement.

U.      "Net Settlement Amount" means the Gross Settlement Amount less the Court-approved amounts for the Class Representative Service Payment, the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the PAGA Payment , and the Settlement Administration Expenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          3          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

V.      "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

W.      "PAGA Period" means the period of time from July 11, 2019 to the earlier of Preliminary Approval of the Settlement or November 18, 2021.

X.      "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

Y.      "Preliminary Approval of the Settlement" means the Court's Order Granting Preliminary Approval of the Settlement substantially in the form attached hereto as Exhibit B to this Agreement and incorporated by this reference herein.

Z.      "Released Parties" collectively means:  Defendants and all affiliated parties and entities, including Defendants' past and present affiliates, parents, subsidiaries, predecessors, owners, successors, shareholders, divisions, and each of these entities' past and present directors, officers, employees, partners, benefit plans/administrators, shareholders, and representatives.

AA.     "Settlement" means the settlement disposition of the Action and all related claims effectuated by this Agreement.

BB.     "Settlement Administrator" means ILYM Group, the third-party settlement administrator proposed by the Parties, as approved by the Court.

CC.     "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II.    **RECITALS**

A.      On April 15, 2020, Plaintiff sent a correspondence to the LWDA and Defendants outlining various alleged violations of the California Labor Code under Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.* ("PAGA").

B.      On June 1, 2020, Plaintiff filed a complaint against Defendants in the Superior Court of the State of California, County of Contra Costa.  Plaintiff asserted claims that Defendants:

1.      Violated California Business and Professions Code § 17200 *et seq.*;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR             4        JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

2.    Failed to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1;

3.    Failed to pay overtime wages in violation of California Labor Code § 510 *et seq.*;

4.    Failed to provide required meal periods in violation of California Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order;

5.    Failed to provide required rest periods in violation of California Labor Code §§ 226.7 & 512 and the applicable IWC Wage Order;

6.    Failed to reimburse employees for required expenses in violation of California Labor Code § 2802.

7.    Failed to provide accurate itemized wage statements in violation of California Labor Code § 226; and,

8.    Failed to provide wages when due in violation of California Labor Code §§ 201, 202 and 203.

C.    On July 28, 2020, Defendants filed a general denial along with 36 separate defenses to the Complaint.

D.    On July 28, 2020, Defendants removed the Action to the United States District Court, Northern District of California.

E.    On September 14, 2020, Plaintiff filed a complaint against Defendants in the Superior Court of the State of California, County of Contra Costa, Case No. C20-01827 ("PAGA Action"). In the PAGA Action, Plaintiff asserted a claim under PAGA seeking civil penalties for violations of California Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B).

F.    On April 14, 2021, the Parties participated in an all-day mediation presided over by third-party neutral Tripper Ortman, a respected mediator of wage and hour representative and class actions. Following the mediation, each side, represented by its respective counsel, was able to agree to settle the Action based upon a mediator's proposal which was memorialized in the form of a Memorandum of Understanding. This Agreement replaces and supersedes the Memorandum of Understanding and any other agreements, understandings, or representations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    5              JOINT STIPULATION OF CLASS
                                                            AND REPRESENTATIVE ACTION
                                                            SETTLEMENT

1  between the Parties except that the confidentiality provision of the Parties' Memorandum of

2  Understanding shall remain in effect in the event the Court does not approve the Settlement as

3  provided in this Agreement.

4        G.     This Agreement represents a compromise and settlement of highly disputed

5  claims.  Nothing in this Agreement is intended or will be construed as an admission by

6  Defendants that the claims in the Action and/or PAGA Action of Plaintiff, the Class, and/or the

7  Aggrieved Employees have merit or that Defendants bear any liability to Plaintiff, the Class,

8  and/or the Aggrieved Employees on those claims or any other claims, or as an admission by

9  Plaintiff that Defendants' defenses in the Action and/or PAGA Action have merit.  Defendants

10  make no concessions or admissions that class or representative action treatment is appropriate,

11  warranted, or manageable.  Defendants additionally maintain that for any purpose other than

12  Settlement, the Action and PAGA Action are not appropriate for class or representative action

13  treatment.  Class Counsel agree not to cite or reference the Settlement or related documents in

14  connection with seeking certification in any other case involving Defendants.  The Parties agree

15  to certification of the Class for purposes of this Settlement only.  If for any reason the Effective

16  Date of the Settlement does not occur, Defendants reserve the right to contest certification of any

17  class for any reason and reserve all available defenses to the claims in the Action and PAGA

18  Action.

19        Based on these Recitals that are a part of this Agreement, the Parties agree as follows:

20  **III.**    **SETTLEMENT TERMS AND CONDITIONS**

21        A.     **Amended Complaint.**  The Parties stipulated to the filing of and on July 29, 2021

22  Plaintiff filed an amended complaint ("Amended Complaint") [Doc. No. 32] which adds the Fair

23  Labor Standards Act ("FLSA") claim as a predicate violation to the Unfair Competition Law

24  ("UCL") cause of action in the Action, and the PAGA claims as set forth in the PAGA Action.

25        B.     **Gross Settlement Amount.**  Subject to the terms and conditions of this

26  Agreement, the Gross Settlement Amount that Defendants will pay under this Settlement is One

27  Million Seven Hundred Fifty Thousand Dollars ($1,750,000).  This amount is all-inclusive of all

28  payments contemplated in this resolution, excluding any employer-side payroll taxes on the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR      6      JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

portion of the Settlement Shares allocated to wages which shall be separately paid by Defendants to the Settlement Administrator.  All of the Gross Settlement Amount will be disbursed pursuant to this Agreement, but not to Non-Participating Class Members, without the need to submit a claim form for Participating Class Members and none of the Gross Settlement Amount will revert to Defendants.

   C. **Payments from the Gross Settlement Amount.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount:

      1. **To Plaintiff:**  In addition to Plaintiff's individual portion of the Settlement Shares to be paid to Plaintiff, Plaintiff will apply to the Court for an award of not more than $10,000 as a Class Representative Service Payment. Defendants will not oppose a Class Representative Service Payment of no more than $10,000 for the Plaintiff.  The Settlement Administrator will pay the Class Representative Service Payment approved by the Court out of the Gross Settlement Amount.  If the Court approves a Class Representative Service Payment of less than $10,000 for Plaintiff, the unapproved amount will be retained in the Net Settlement Amount for distribution to Participating Class Members if approved.  Payroll tax withholding and deductions will not be taken from the Class Representative Service Payment and instead a Form 1099 will be issued to Plaintiff with respect to the Class Representative Service Payment and Plaintiff will assume full responsibility and liability for the taxes due on his Class Representative Service Payment.  To receive the Class Representative Service Payment, Plaintiff agrees to a Section 1542 waiver and general release of all claims as set forth below.  Plaintiff agrees not to opt out from or object to the Settlement.

      2. **To Class Counsel:**  Class Counsel will apply to the Court for an award of not more than One-Third of the Gross Settlement Amount, which is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR   7   JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1          presently $583,333, as their Class Counsel Fees Payment and an amount

2          not more than $30,000 for all expenses incurred as documented in Class

3          Counsel's billing records as their Class Counsel Litigation Expenses

4          Payment.  Defendants will not oppose the request for a Class Counsel Fees

5          Payment and Class Counsel Litigation Expenses Payment consistent with

6          this Agreement and approved by the Court.  The Settlement Administrator

7          will pay the amounts approved by the Court out of the Gross Settlement

8          Amount.  If the Court approves a Class Counsel Fees Payment and/or a

9          Class Counsel Litigation Expenses Payment of less than these amounts,

10         which are presently $583,333 and $30,000 respectively, the unapproved

11         amount(s) will be retained in the Net Settlement Amount for distribution to

12         Participating Class Members if approved.  Payroll tax withholding and

13         deductions, if any, will not be taken from the Class Counsel Fees Payment

14         and Class Counsel Litigation Expenses Payment and, instead, one or more

15         Forms 1099 will be issued to Class Counsel with respect to those

16         payments.  The payment of the Class Counsel Fees Payment and Class

17         Counsel Litigation Expenses Payment shall be made to Class Counsel.

18    3.   **The PAGA Payment.**  The Parties will seek approval from the Court for

19         the PAGA Payment of $25,000 out of the Gross Settlement Amount, which

20         shall be allocated 75% ($18,750) to the LWDA as the LWDA's share of

21         the Settlement of civil penalties paid under this Agreement pursuant to

22         PAGA and 25% ($6,250) will be distributed *pro rata* to the Aggrieved

23         Employees based on their respective pay periods worked during the PAGA

24         Period if approved.  If the Court approves a PAGA Payment of less than

25         $25,000, the unapproved amount will be retained in the Net Settlement

26         Amount for distribution to Participating Class Members if approved.  All

27         Aggrieved Employees will be sent their share of the PAGA Payment and

28         will be subject to the release of the Released PAGA Claims as set forth

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    8                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1  below, whether or not they opt out of the Settlement.  One hundred percent

2  (100%) of the PAGA Payment is for the settlement of claims for penalties,

3  are not subject to wage withholdings, and shall be reported on IRS Forms

4  1099.

5      4.    **To the Settlement Administrator.**  The Settlement Administrator will pay

6  out of the Gross Settlement Amount to itself its reasonable fees and

7  expenses that are documented and approved by the Court in an amount not

8  to exceed $20,000 ("Settlement Administration Expenses").  To the extent

9  the Settlement Administration Expenses that are documented and approved

10  by the Court are less than $20,000, the remainder will be retained in the

11  Net Settlement Amount for distribution to Participating Class Members if

12  approved.

13  D.    **Payments From the Net Settlement Amount.**  The Net Settlement Amount shall

14  include the following payments after the deductions have been made from the Gross Settlement

15  Amount as described in this Agreement.  The Net Settlement Amount shall include the following:

16      1.    **Settlement Shares.**  Subject to the terms and conditions of this Agreement,

17  the Settlement Administrator will pay  to each Participating Class Member

18  his or her individual Settlement Share from the Net Settlement Amount.

19  The submission of a claim form is not required to participate in the

20  Settlement.

21      2.    **Calculation.**  Each Participating Class Member will be entitled,

22  provisionally, to a share of the Net Settlement Amount.  The Settlement

23  Share for each Participating Class Member will be calculated as follows: (i)

24  the Settlement Administrator shall divide the Net Settlement Amount by

25  the total number of workweeks the Participating Class Members were

26  employed by Defendants during the Class Period to determine a dollar

27  amount per week ("Weekly Rate"); and (ii) the Settlement Administrator

28  shall then take the number of workweeks each Participating Class Member

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR      9      JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

was employed by Defendants and multiply it by the Weekly Rate to calculate each Participating Class Member's individual Settlement Share.

    3.   **Withholding**.

        a.    Subject to approval by the Court, One-Third of each Participating Class Member's Settlement Share is for the settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, shall be reported on IRS Forms W-2, and shall be paid from the Net Settlement Amount. The Settlement Administrator shall be responsible for remitting to the tax authorities all Participating Class Members' and the employer's share of payroll taxes on the Wage Portion.

        b.    Subject to approval by the Court, Two-Thirds of each Participating Class Member's Settlement Share is for the settlement of claims for interest and penalties allegedly due to employees (the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings, and shall be reported on IRS Forms 1099.

        c.    The Participating Class Members agree to hold harmless Defendants, Class Counsel, and Defendants' Counsel for any tax liability, including penalties and interest, arising out of or relating to the Participating Class Members' failure to pay taxes on any amounts paid pursuant to this Settlement.

E.    **Effect of Non-Participating Class Members.**  Non-Participating Class Members will receive no portion of the Settlement Shares, and their Election Not to Participate in Settlement will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective portion of the Settlement Shares will remain a part of the Net Settlement Amount for distribution to Participating Class Members on a *pro rata* basis relative to the Participating Class Members' portion of the Settlement Shares.

F.    **Class Size Modification.**  Defendants have represented that there are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR      10      JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1   approximately 768 Class Members who worked approximately 42,683 workweeks from June 1,

2   2016 to April 14, 2021.  Defendants will provide a declaration under penalty of perjury prior to

3   the filing of the motion for preliminary approval confirming the number of Class Members and

4   workweeks they worked between June 1, 2016 and April 14, 2021.  If the number of Class

5   Members and/or workweeks (between June 1, 2016 and April 14, 2021) is more than 10% of the

6   estimate Defendants declare in the declaration, then Defendants will confer with Plaintiff in good

7   faith to discuss a potential adjustment, which may include either a proportionate increase to the

8   Gross Settlement Amount by the percentage the total workweeks exceeds 10% more than 42,683

9   workweeks or a reduction to the Class Period so that the workweeks included is no more than

10   10% more than 42,683 workweeks.

11          G.      **Appointment of Settlement Administrator.**  After obtaining a quote from

12   mutually acceptable and qualified settlement administrators, the Parties have mutually agreed to

13   ask the Court to appoint ILYM Group as the qualified administrator, to serve as the Settlement

14   Administrator, which, as a condition of appointment, will agree to be bound by this Agreement

15   with respect to the performance of its duties and its compensation and will execute a

16   confidentiality agreement satisfactory to Defendants.  The Settlement Administrator's duties will

17   include preparing, printing, and mailing the Class Notice Packet to all Class Members;

18   conducting a National Change of Address search to update Class Member addresses before

19   mailing the Class Notice Packets; re-mailing to the Class Member's new address Class Notice

20   Packets that are returned; setting up a toll-free telephone number to receive calls from Class

21   Members; receiving and reviewing for validity completed Elections Not to Participate in

22   Settlement; providing the Parties with weekly status reports about the delivery of Class Notice

23   Packets and receipt of completed Elections Not to Participate in Settlement; calculating

24   Settlement Shares; issuing the checks to effectuate the payments due under the Settlement;

25   issuing the tax reports and payments to taxing authorities required under this Settlement; and

26   otherwise administering the Settlement pursuant to this Agreement.  The Settlement

27   Administrator will have the authority to resolve all disputes concerning the calculation of a

28   Participating Class Member's Settlement Share, subject to the dollar limitations and calculations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    11            JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

set forth in this Agreement.  The Settlement Administration Expenses, including the cost of printing and mailing the Class Notice Packet, will be paid out of the Gross Settlement Amount.

The Parties agree that the Settlement Administrator shall establish a Qualified Settlement Fund ("QSF") that is intended to be pursuant to Section 468B of the Code and Treas. Reg. §1.468B-1, 26 CFR § 1.468B-1 *et seq*., and will be administered by the Settlement Administrator as such.  With respect to the QSF, the Settlement Administrator shall:  (1) open and administer a settlement account in such a manner as to qualify and maintain the qualification of the QSF as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. §1.468B-1; (2) satisfy all federal, state and local income and other tax reporting, return, and filing requirements with respect to the QSF; and (3) satisfy out of the QSF all fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in this Agreement.  The aforementioned fees, costs, and expenses shall be treated as and included in the costs of administering the QSF and as Settlement Administration Expenses.

H.      **Procedure for Approving Settlement**.

        1.      **Motion for Preliminary Approval of Settlement by the Court**.

                a.      After Execution of this Settlement Agreement, Plaintiff will file a Preliminary Approval Motion with the Court for an order giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, approving the Class Notice (the "Motion for Preliminary Approval").  Contemporaneous with the filing of Plaintiff's Preliminary Approval Motion, the Parties shall file a Joint Stipulation of Dismissal of the PAGA Action.  The Superior Court for the County of Contra Costa's dismissal of the PAGA Action without prejudice in the matter agreed to by the Parties is a material precondition to Defendants' obligation to pay the Gross Settlement Amount.  Any disagreement among the Parties concerning the Class Notice, the proposed orders, or other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    12                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    documents necessary to implement the Settlement will be referred

2    to the mediator for resolution.

3    b.    At the hearing on the Motion for Preliminary Approval, the Parties

4    will jointly appear, support the granting of the motion, and submit

5    an Order Granting Preliminary Approval of the Settlement

6    substantially in the form evidenced by <u>Exhibit B</u> to this Agreement

7    and incorporated by reference into this Agreement.

8    c.    Should the Court decline to preliminarily approve material aspects

9    of the Settlement (including but not limited to the scope of release

10    to be granted by Participating Class Members or the binding effect

11    of the Settlement on Participating Class Members), the Parties shall

12    work together in good faith to address any concerns raised by the

13    Court and propose a revised Settlement for the Court's approval.

14    d.    Within ten (10) days of the filing the Motion for Preliminary

15    Approval, Defendants will send the required notice(s) of the

16    Settlement pursuant to the Class Action Fairness Act of 2005, 28

17    U.S.C. § 1711 *et seq.*

18    2.    **Notice to Class Members.**  After the Court enters an Order Granting

19    Preliminary Approval of the Settlement, every Class Member will be sent

20    the Class Notice Packet (which will include the Class Notice completed to

21    reflect the Order Granting Preliminary Approval of the Settlement) as

22    follows:

23    a.    No later than  15 business days after the Court enters an Order

24    Granting Preliminary Approval of the Settlement, Defendants will

25    provide to the Settlement Administrator in electronic format a

26    spreadsheet containing each Class Member's Class Data.  If any or

27    all of the Class Data is unavailable to Defendants, Defendants will

28    so inform Class Counsel and the Parties will make their best efforts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR    13    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    to reconstruct or otherwise agree upon the Class Data prior to when

2    it must be submitted to the Settlement Administrator.  This

3    information will otherwise remain confidential and will not be

4    disclosed to anyone, except as required to applicable taxing

5    authorities, in order to carry out the reasonable efforts described in

6    section III.H.2.c., or pursuant to Defendants' express written

7    authorization or by order of the Court.  All Class Data will be used

8    for settlement notification and settlement administration, shall be

9    kept confidential by the Settlement Administrator, and shall not be

10   provided to Class Counsel or used for any other purpose.  This

11   provision shall not be construed to impede Class Counsel's ability

12   to discharge their fiduciary duties to the Class, and if additional

13   disclosures are necessary, Class Counsel will obtain written

14   authorization of Defendants and/or an order from the Court.

15   b.   The Settlement Administrator shall update the Class Data using the

16   National Change of Address database prior to mailing the Class

17   Notice Packets.  Using best efforts to mail it as soon as possible,

18   and in no event later than 14 days after receiving the Class Data, the

19   Settlement Administrator will mail the Class Notice Packets to all

20   Class Members via first-class regular U.S. Mail using the mailing

21   address information provided by Defendants, unless modified by

22   any updated address information that the Settlement Administrator

23   obtains in the course of administration of the Settlement.

24   c.   If a Class Notice Packet is returned because of an incorrect address,

25   the Settlement Administrator will promptly, and not longer than

26   fourteen (14) days from receipt of the returned packet, search for a

27   more current address for the Class Member and re-mail the Class

28   Notice Packet to the Class Member.  The Settlement Administrator

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                14        JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    will use the Class Data and otherwise work with Defendants to find

2    a more current address.  The Settlement Administrator will be

3    responsible for taking reasonable steps, consistent with its agreed-

4    upon job parameters and Federal Rule of Civil Procedure 23(c)(2),

5    Court orders, and fee, as agreed to with Class Counsel and

6    according to the following deadlines, to trace the mailing address of

7    any Class Member for whom a Class Notice Packet is returned by

8    the U.S. Postal Service as undeliverable.  These reasonable steps

9    shall include, at a minimum, the tracking of all undelivered mail;

10   performing address searches for all mail returned without a

11   forwarding address using available email addresses, phone

12   numbers, social security numbers, credit reports and social media;

13   and promptly re-mailing to Class Members for whom new

14   addresses are found.  If the Class Notice Packet is re-mailed, the

15   response date for written objections, disputes and opt-outs will be

16   extended an additional 15 days for those Class Members who are

17   sent re-mailed Class Notice Packets, and the Settlement

18   Administrator will note for its own records and notify Class

19   Counsel and Defendants' Counsel of the frequency of each such re-

20   mailing as part of a weekly status report provided to the Parties.

21   d.    As part of its weekly status report, the Settlement Administrator

22          will inform Class Counsel and Defendants' Counsel of the number

23          of Elections Not to Participate in Settlement it receives (including

24          the numbers of valid and deficient), and number of objections

25          received.

26   e.    Not later than 10 days before the date by which Plaintiff files the

27          motion for final approval of the Settlement, the Settlement

28          Administrator will provide the Parties for filing with the Court a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          15          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    declaration of due diligence setting forth its compliance with its

2    obligations under this Agreement and detailing the Class Notice

3    Packets mailed and remailed including any mail tracing efforts,

4    Elections Not to Participate in Settlement it received (including the

5    numbers of valid and deficient Elections), and objections received.

6    Prior to the Final Approval Hearing, the Settlement Administrator

7    will supplement its declaration of due diligence if any material

8    changes occur from the date of its prior declaration.

9    3.    **Objections to Settlement; Elections Not to Participate in Settlement.**

10    Participating Class Members may submit objections to the Settlement

11    and/or objections to the Class Counsel Fees Payment, Class Counsel

12    Litigation Expenses Payment, and/or Class Representative Service

13    Payment pursuant to the following procedures.  Objections must comply

14    with Federal Rule of Civil Procedure 23(E)(5):

15    a.    **Objections to Settlement.**  The Class Notice will provide that

16    Participating Class Members who wish to object to the Settlement,

17    Class Counsel Fees Payment, Class Counsel Litigation Expenses

18    Payment, and/or the Class Representative Service Payment may

19    object to the proposed Settlement, either in writing or orally at the

20    Final Approval Hearing.  Objections in writing must be submitted

21    to the Court in compliance with Federal Rules of Civil Procedure

22    23(e)(5), received or postmarked not later than forty-five (45)

23    calendar days after the Settlement Administrator mails the Class

24    Notice Packets.  Written objections must set forth the grounds for

25    the objection(s) and comply with the instructions in the Class

26    Notice.  If a Class Notice Packet is re-mailed, the response date for

27    written objections will be extended an additional 15 days for those

28    Class Members who are sent re-mailed Class Notice Packets.  Non-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          16          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Participating Class Members shall have no ability to comment on or object to the Settlement.

b. **Election Not to Participate in Settlement.** The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator postmarked not later than forty-five (45) calendar days after the Settlement Administrator mails the Class Notice Packets, a signed Election Not to Participate in Settlement. If a Class Notice Packet is re-mailed, the response date for opt-outs will be extended an additional 15 days for those Class Members who are sent re-mailed Class Notice Packets. To be valid, an Election Not to Participate in Settlement must be timely and must comply with the instructions in the Class Notice. If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity. A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment, except that an Aggrieved Employee will still be paid their allocation of the PAGA Payment and will remain bound by the release of the Released PAGA Claims regardless of their request for exclusion and/or whether they cash their check for their allocation of the PAGA Payment. Defendants will remain free to contest any claim brought by any Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendants have or could assert against such a claim. A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above and in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    17                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1                 the Class Notice will automatically become a Participating Class

2                 Member and will be bound by all terms and conditions of the

3                 Settlement, including the Released Class Claims by the Class, if the

4                 Settlement is approved by the Court, and by the Judgment,

5                 regardless of whether he or she has objected to the Settlement or

6                 cash their check for their individual Settlement Share.  Persons who

7                 submit an Election Not to Participate in Settlement shall not be

8                 permitted to file objections to the Settlement or appear at the Final

9                 Approval Hearing to voice any objections to the Settlement.

10              All Participating Class Members who do not submit a valid and

11              timely Election Not to Participate in Settlement will receive their

12              individual Settlement Share, without the need to file a claim form,

13              and will be bound by all of the terms of the Settlement, including

14              without limitation, the release of the Released Class Claims by the

15              Participating Class Members set forth in this Agreement regardless

16              of whether they cash their check for their individual Settlement

17              Share.

18       c.     **Report.**  Not later than ten (10) calendar days after the deadline for

19              submission of Elections Not to Participate in Settlement, the

20              Settlement Administration will provide Class Counsel and

21              Defendants' Counsel with a complete and accurate list of all Non-

22              Participating Class Members.

23       d.     A Participating Class Member may challenge his or her dates of

24              employment worked for Defendants by notifying the Settlement

25              Administrator in writing of the dates of employment they contend

26              to have worked for Defendants during the Class Period,

27              accompanied by supporting documentation or other evidence.  Any

28              such challenge must be postmarked not later than forty-five (45)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          18          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    calendar days after the Settlement Administrator mails the Class

2    Notice Packets.  The Settlement Administrator shall immediately

3    notify both Class Counsel and Defendants' Counsel of any disputes

4    submitted by Class Members.  Defendants will promptly provide

5    any information or documents reasonably requested by the

6    Settlement Administrator to assist in making its determination.  The

7    dates of employment provided by Defendants shall be rebuttably

8    presumed to be correct and Defendants' records shall be rebuttably

9    presumed to be correct.  If the Participating Class Member does not

10   provide any relevant documents or other evidence, the challenge

11   will be rejected by the Settlement Administrator.  All other

12   challenges will be resolved at the exclusive discretion and authority

13   of the Settlement Administrator prior to the Final Approval

14   Hearing, after seeking input from counsel for the Parties. The

15   Settlement Administrator's decision shall be binding and non-

16   appealable by Plaintiff, Defendants, or the Class Member.

17       4.      **Right of Defendants to Reject Settlement.**  If (a) the number of Class

18   Members who timely submit valid Elections Not to Participate in

19   Settlement equals or exceeds four percent (4%) of the Class, (b) the

20   Settlement is construed in such a fashion that Defendants are required to

21   pay more than the Gross Settlement Amount (except employer's share of

22   payroll taxes), or (c) the Court does not approve the Settlement releasing

23   the claims set forth in this Agreement, or otherwise makes an order

24   inconsistent with any of the terms of this Agreement, Defendants, at their

25   sole discretion, shall have the right but not the obligation to revoke the

26   Settlement.  Defendants shall exercise their revocation rights, if at all,

27   within fourteen (14) days of the last triggering event described in (a)-(c)

28   above by providing written notice to Class Counsel.  If Defendants exercise

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    19                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

their revocation rights, the Parties will have no further obligations under the Settlement, including any obligation by Defendants to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that Settlement Administration Expenses as of the date that Defendants exercise the right to void the Settlement pursuant to this Paragraph will be paid by Defendants.

5.    **Voided Settlement or Effective Date Does Not Occur.**  If Defendants void the Settlement pursuant to the above Paragraph or if the Effective Date does not occur, the Parties to this Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Agreement.  In such an event, this Agreement (except for those provisions relating to non-admission, denial of liability set forth above, and the confidentiality agreements entered into by the Parties) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Parties and shall not be used in the Action and/or PAGA Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated *nunc pro tunc* and may not be referenced in this case or any other case.  Notwithstanding any other provision of this Agreement, no order of the Court, modification, or reversal on appeal of any order of the Court that reduces the amount of any attorneys' fees or costs to be paid by Defendants to Class Counsel, or reduces the amount of the Class Representative Service Payment, shall constitute grounds for cancellation or termination of the Agreement or grounds for limiting any other provision of the Judgment.

6.    **No Solicitation.**  The Parties and their respective counsel represent that neither the Parties nor their respective counsel have or will solicit or otherwise encourage directly or indirectly any Class Member to object to

1   the Settlement, appeal from the Judgment, or elect not to participate in the

2   Settlement.

3       7.    **Additional Briefing and Final Approval.**

4           a.    Unless otherwise ordered by the Court, Class Counsel will file with

5               the Court their motion for the Class Counsel Fees Payment, Class

6               Counsel Litigation Expenses Payment, and Class Representative

7               Service Payment no later than thirty-five (35) days before the

8               deadline for written objections and shall be posted on a website as

9               indicated in the Class Notice.  This motion will be scheduled to be

10              heard by the Court at the Final Approval Hearing.

11          b.    Not later than thirty-five (35) days before the Final Approval

12              Hearing, Plaintiff will file with the Court a motion for final

13              approval of the Settlement.  Class Counsel will send to Defendants'

14              Counsel the draft Motion for Final Approval at least two weeks

15              before filing it without the Court and will confer with Defendants'

16              Counsel and use their best efforts to incorporate Defendants'

17              reasonable changes.

18          c.    If any opposition is filed to the Motion for Final Approval and/or

19              the motion for the Class Counsel Fees Payment, Class Counsel

20              Litigation Expenses Payment, and Class Representative Service

21              Payment, then not later than five (5) court days before the Final

22              Approval Hearing, both Parties may file a reply in support of the

23              Motion for Final Approval, and Plaintiff and Class Counsel may

24              also file a reply in support of their motion for the Class

25              Representative Service Payment, the Class Counsel Fees Payments,

26              and the Class Counsel Litigation Expenses Payment.

27          d.    If the Court does not grant final approval of the Settlement or grants

28              final approval conditioned on any material change to the Settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          21          JOINT STIPULATION OF CLASS
                                                AND REPRESENTATIVE ACTION
                                                SETTLEMENT

1    (including, but not limited to, the scope of release to be granted by

2    Participating Class Members), then the Parties shall work together

3    in good faith to address any concerns raised by the Court and

4    propose a revised Settlement for the Court's approval.  However, an

5    award by the Court of a lesser amount than that sought by Plaintiff

6    and Class Counsel for the PAGA Payment, Class Representative

7    Service Payment, the Class Counsel Fees Payment, and/or the Class

8    Counsel Litigation Expenses Payment, will not constitute a material

9    modification to the Settlement within the meaning of this

10    paragraph.

11    e.    Upon final approval of the Settlement by the Court at or after the

12    Final Approval Hearing, the Parties will present for the Court's

13    approval and entry the Judgment substantially in the form attached

14    hereto as Exhibit C.  After entry of the Judgment, the Court will

15    have continuing jurisdiction over the Action and the Settlement

16    solely for purposes of (i) enforcing this Agreement, (ii) addressing

17    settlement administration matters, and (iii) addressing such post-

18    Judgment matters as may be appropriate under court rules or

19    applicable law.

20    8.    **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with

21    the terms and conditions of this Agreement, Plaintiff and Participating

22    Class Members who did not timely submit an objection to the Settlement,

23    Defendants, and their respective counsel hereby waive any and all rights to

24    appeal from the Judgment, including all rights to any post-judgment

25    proceeding and appellate proceeding, such as, but not limited to, a motion

26    to vacate judgment, a motion for new trial, and any extraordinary writ.  The

27    waiver of appeal does not include any waiver of the right to oppose any

28    appeal, appellate proceedings or post-judgment proceedings.  If an appeal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          22          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1   is taken from the Judgment, the time for consummation of the Settlement

2   (including making payments under the Settlement) will be suspended until

3   such time as the appeal is finally resolved and the Judgment becomes Final.

4   9.   **Vacating, Reversal, or Material Modification of Judgment on Appeal**

5   **or Review.**  If, after a notice of appeal, a petition for review, or a petition

6   for *certiorari*, or any other motion, petition, or application is filed with

7   respect to the Judgment, the reviewing Court vacates, reverses, or modifies

8   the Judgment such that there is a material modification to the Settlement

9   (including, but not limited to, the scope of release to be granted by

10   Participating Class Members), and that Court's decision is not completely

11   reversed and the Judgment is not fully affirmed on review by a higher

12   Court, then the Parties shall work together in good faith to address any

13   concerns raised by the reviewing Court and propose a revised Settlement

14   for the approval of the Court not later than fourteen days after the

15   reviewing Court's decision vacating, reversing, or materially modifying the

16   Judgment becomes Final.  A vacation, reversal, or modification of the

17   Court's award of the Class Representative Service Payment, the Class

18   Counsel Fees Payment, and/or Class Counsel Litigation Expenses Payment

19   will not constitute a vacation, reversal, or material modification of the

20   Judgment within the meaning of this paragraph, provided that Defendant's

21   obligation to make payments under this Settlement will remain limited by

22   the Gross Settlement Amount.

23   10.   **Timing of Settlement Funding and Provision of Settlement Shares and**

24   **Other Payments.**  Defendants shall fund the Gross Settlement Amount by

25   depositing the money with the Settlement Administrator.  Defendants shall

26   fund the Gross Settlement Amount and the amount necessary to pay

27   Defendants' share of payroll taxes within fifteen (15) business days after

28   the Effective Date provided that the Settlement Administrator sends to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    23                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Defendants' counsel the QSF's IRS Form W-9 on or before the Effective Date. Within ten (10) business days after Defendants fund the Gross Settlement Amount, the Settlement Administrator will make payment of all Settlement Shares to Participating Class Members, as well as payment of Settlement Administration Expenses, the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, the Class Representative Service Payment, and 75% of the PAGA Payment to the LWDA in accordance with this Agreement.

11.  **Uncashed Settlement Share Checks.**  A Participating Class Member must cash his or her Settlement Share check within 180 days after it is mailed to him or her.  If a Participating Class Member's Settlement Share check is not cashed within 120 days after its last mailing to the Participating Class Member, the Settlement Administrator will also send the affected Participating Class Member a notice informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 180-day check-cashing period, the funds from such uncashed checks will be paid to the California State Controller's Unclaimed Property Fund in the name of the Participating Class Member, and the Participating Class Member shall remain bound by the Settlement.  The Parties agree that this disposition results in no "unpaid residue" within the meaning of California Code of Civil Procedure Section 384, as the entire Net Settlement Amount will be paid out to Participating Class Members, whether or not they all cash their Settlement Share checks.

12.  **Final Report by Settlement Administrator to Court.**  Within ten days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will provide the Parties with a declaration

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    24                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    providing a final report on the disbursements of all funds from the Gross

2    Settlement Amount.

3    I.    **Release of Claims**.

4        1.    **Participating Class Members**.  As of the Effective Date, all Participating

5            Class Members will release Defendants and the Released Parties from any

6            and all wage and hour claims, obligations, demands, actions, rights, causes

7            of action, and liabilities (including state statutory and common law claims)

8            alleged in the Action, or that could have been alleged based on the facts

9            alleged in the Action, that arose during the Class Period, including: (a)

10           failure to pay overtime; (b) failure to pay minimum wages; (c) failure to

11           timely pay wages during employment; (d) failure to pay final wages on

12           termination; (e) failure to provide accurate itemized wage statements; (f)

13           failure to provide compliant meal and rest periods; (g) failure to pay meal

14           and rest period premiums; (h) failure to reimburse for business-related

15           expenses; (i) failure to pay wages due to discharged and quitting

16           employees; (j) failure to maintain required records; (k) claims that are or

17           were asserted or that could have been asserted based on the facts alleged in

18           the Action; and (l) penalties (including civil and statutory penalties,

19           including penalties under PAGA), liquidated damages, punitive damages,

20           interest, attorneys' fees, litigation costs, restitution, equitable relief, or

21           additional damages which allegedly arise from the claims described in (a)

22           through (k) above under any applicable law, which arose during the Class

23           Period, and expressly excluding all other claims, including claims for

24           wrongful termination, unemployment insurance, disability, social security,

25           workers' compensation, and class claims outside of the Class Period and

26           PAGA claims outside of the PAGA Period ("Released Class Claims").

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR          25          JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

For purposes of clarity, the Released Class Claims specifically include the following claims:

<u>Statutory Claims</u>: any and all claims based on the facts alleged in this action arising under the Cal. Labor Code, including, §§ 201-204, 210, 218.6, 221-224, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, 1199, 2800, 2802, 2698-2699.5, Cal. Business & Professions Code §§ 17200 *et seq*., Cal. Civil Code §§ 3287-3288, and Cal. Code of Civil Procedure §1021.5, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in this Action, including any versions of the complaints.

<u>Common Law and/or Equitable Claims</u>: Any and all common law or equitable claims, under any theory whatsoever, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Action, including any versions of the complaints.

The release of the Released Class Claims shall be effective as to all Participating Class Members regardless of whether they objected to the Settlement and/or cashed their check for their individual Settlement Share.

2. **Aggrieved Employees.** As of the Effective Date, the Aggrieved Employees will release Defendants and the Released Parties from all PAGA claims for civil penalties alleged in any versions of the complaints filed in the Action and letters to the LWDA which arose during the PAGA Period, excluding all other claims and PAGA claims outside of the PAGA Period ("Released PAGA Claims"). The release of the Released PAGA Claims shall be effective as to all Aggrieved Employees regardless of whether an Aggrieved Employee submitted a request for an exclusion from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR            26            JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

the Class, objected to the Settlement, and/or cashed their check(s) for their individual Settlement Share and/or allocation of the PAGA Payment, and the Action shall be dismissed with prejudice as to the Released PAGA Claims.

3.    **Plaintiff**.    As of the Effective Date, Plaintiff generally, releases and discharges Defendants and the Released Parties from any and all claims, transactions or occurrences between them that occurred during the Class Period ("Plaintiff's Released Claims"). This release of Plaintiff's Released Claims releases Defendants and the Released Parties from any claim that Plaintiff could maintain in any action against any Released Party that occurred during the Class Period.    Notwithstanding the foregoing, this waiver and release of claims does not extend to any rights which as a matter of law cannot be waived and released by private agreement, including rights to sue to enforce this Agreement and rights to vested benefits, unemployment benefits, disability benefits, social security benefits, workers' compensation benefits and claims outside the Class Period.

Plaintiff acknowledges that he may discover facts or law different from, or in addition to the facts or law that he knows or believes to be true with respect to the claims and matters released by way of this Agreement and agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects, notwithstanding such different or additional facts or the discovery of them.    The Parties declare and represent that they intend this Agreement to be complete and not subject to any claim of mistake, and that the releases herein express full and complete releases, and that they intend that the releases herein shall be final and complete.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                    27                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

4. **Plaintiff's Waiver of Rights Under California Civil Code Section 1542.** As partial consideration for the Class Representative Service Payment, the Plaintiff's Released Claims shall include all such claims, whether known or unknown by the releasing party. Thus, even if Plaintiff discovers facts and/or claims in addition to or different from those that he now knows or believes to be true with respect to the subject matter of the Plaintiff's Released Claims, those claims will remain released and forever barred. Therefore, with respect to Plaintiff's Released Claims, Plaintiff expressly waives and relinquishes the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

5. **Class Counsel**. As of the date Defendants fully fund the Gross Settlement Amount, and except as otherwise provided by this Agreement and the Judgment, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendants arising from or related to the Action and/or PAGA Action.

J. **No Effect on Other Benefits.** The Settlement Shares will not result in any additional benefit payments (such as 401(k), pension, or bonus) beyond those provided by this Agreement to Plaintiff or Participating Class Members, and Plaintiff and Participating Class Members will be deemed to have waived all such claims, whether known or unknown by them, as part of their release of claims under this Agreement.

K. **Limitation on Public Statements About Settlement.** Neither Class Counsel nor Defendants' Counsel shall publicize the Settlement other than filing documents with the Court. Plaintiff and Class Counsel and Defendants and Defendants' Counsel agree that they will not issue any press releases or initiate any contact with the media about the fact, amount, or terms of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                28        JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

the Settlement and/or publicize the Action, the PAGA Action, or the Settlement, including but not limited to on any website or social media account (including, for avoidance of doubt, any website maintained by Class Counsel).  If Plaintiff or Class Counsel or Defendants or Defendant's Counsel receives an inquiry about the Settlement from the media, they will decline to comment unless otherwise agreed in writing.  This provision shall not prohibit Class Counsel from communicating with Class Members after preliminary approval is granted for the sole purpose of administering the Settlement.  This provision also does not limit Class Counsel from complying with ethical obligations or from posting court-filed documents on their website for viewing (if necessary) by Class Members after preliminary approval, which will be removed upon the Effective Date.  Nothing in this provision shall prevent Defendants or Plaintiff from making any required disclosures.

L.    **Miscellaneous Terms**.

1.    **No Admission of Liability or Class Certification for Other Purposes**.

a.    Defendants and the Released Parties deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action or a representative action claim is manageable in the PAGA Action.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.  Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or the Released Parties, or an admission by Plaintiff that any of the claims were non-meritorious or any defense asserted by Defendants was meritorious.  This Settlement and the fact that Plaintiff and Defendants were willing to settle the Action and PAGA Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with effectuating the Settlement pursuant to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR                    29                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    this Agreement).  Nothing in this Agreement shall be constructed as

2    an admission by Defendants of any liability or wrongdoing as to

3    Plaintiff, Class Members, Aggrieved Employees, or any other

4    person, and Defendants specifically disclaim any such liability or

5    wrongdoing.  Moreover, it is not, and it should not be construed as,

6    any admission of fact or law in this matter or any other matter that a

7    class action is appropriate or that a representative action is

8    manageable.  The Parties have entered into this Settlement with the

9    intention of avoiding further disputes and litigation with the

10    attendant inconvenience, expenses and risks.  Nothing in this

11    Agreement shall be construed as an admission by Plaintiff that

12    Plaintiff's claims do not have merit that class action is

13    inappropriate.

14    b.    Whether or not the Judgment becomes Final, neither the Settlement,

15    this Agreement, any document, statement, proceeding or conduct

16    related to the Settlement or the Agreement, nor any reports or

17    accounting of those matters, will be (i) construed as, offered or

18    admitted in evidence as, received as, or deemed to be evidence for

19    any purpose adverse to Plaintiff or Defendants or any of the

20    Released Parties, including, but not limited to, evidence of a

21    presumption, concession, indication or admission by any of the

22    Released Parties of any liability, fault, wrongdoing, omission,

23    concession or damage; or (ii) disclosed, referred to or offered in

24    evidence against any of the Released Parties, in any further

25    proceeding in the Action and/or PAGA Action, or any other civil,

26    criminal or administrative action or proceeding except for purposes

27    of effectuating the Settlement pursuant to this Agreement.

28    c.    This section and all other provisions of this Agreement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR           30           JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1          notwithstanding, any and all provisions of this Agreement may only

2          be admitted in evidence and otherwise used in any and all

3          proceedings for the limited purpose of enforcing any or all terms of

4          this Agreement or defending any claims released or barred by this

5          Agreement.

6       2.    **Representation by Class Counsel/Knowledge of Class Counsel.** Class

7          Counsel represents that other than Plaintiff himself, Class Counsel does not

8          represent any other current or former employees of Defendants in

9          connection with any claims, charges, complaints or other matters against

10         Defendants, and Class Counsel is not aware of any individuals who are

11         planning to bring any claims, charges, complaints, or other matters against

12         Defendants.  Class Counsel also represents that no other attorneys and/or

13         law firms participated in the Action and/or PAGA Action and Class

14         Counsel is not aware of any other attorney and/or law firm that would have

15         a claim for attorneys' fees, costs, lien, or any other relief with respect to the

16         Action and/or PAGA Action.

17     3.    **Integrated Agreement.**  After this Agreement is signed and delivered by

18         all Parties and their counsel, this Agreement and its exhibits will constitute

19         the entire agreement between the Parties relating to the Settlement, and it

20         will then be deemed that no oral representations, warranties, covenants, or

21         inducements have been made to any Party concerning this Agreement or its

22         exhibits other than the representations, warranties, covenants, and

23         inducements expressly stated in this Agreement and its exhibits.

24     4.    **Attorney Authorization.**  Class Counsel and Defendants' Counsel warrant

25         and represent that they are authorized by Plaintiff and Defendants,

26         respectively, to take all appropriate action required or permitted to be taken

27         by such Parties pursuant to this Agreement to effectuate its terms, and to

28         execute any other documents required to effectuate the terms of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR      31      JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

Agreement including any amendments to this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the mediator for resolution and will split the mediator's additional fees (if any).

5.  **No Prior Assignments:** The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

6.  **No Tax Advice:** <u>Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.</u>

7.  **Modification of Agreement**. Except as set forth in section III.L.4 hereinabove, this Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their authorized representatives.

8.  **Agreement Binding on Successors.** This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties and Released Parties.

9.  **Applicable Law.** All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR                    32                    JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

10.    **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

11.    **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

12.    **Use and Return of Documents and Data.**  All originals, copies, and summaries of documents and data provided to Class Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  Within thirty days after the Effective Date, Class Counsel will return or destroy and confirm in writing to Defendants the destruction of all such documents and data.

13.    **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

14.    **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiff and the Class:*

Norman B. Blumenthal
Kyle R. Nordrehaug
Blumenthal Nordrehaug Bhowmik De Blouw LLP

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR            33            JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

2255 Calle Clara
La Jolla, CA 92037
Tel.: (858) 551-1223
Fax: (858) 551-1232
E-Mail: norm@bamlawca.com
        kyle@bamlawca.com

*To Defendants:*

Michael J. Puma
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-5305
Fax: (215) 908-1581
E-Mail: Michael.puma@morganlewis.com

Kathy H. Gao
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071
Tel.: (213) 612-2500
Fax: (213) 612-2501
E-Mail: kathy.gao@morganlewis.com

15.    **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts by facsimile, electronically or email which for purposes of this Agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves signed counterparts.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

16.    **Stay of Litigation.**  The Parties agree that upon the execution of this Agreement the litigation shall be stayed, except to effectuate the terms of this Agreement, and Class Counsel will not assert any Released Claims against any Released Parties pending final approval.

17.    **Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the Action to ensure the continuing implementation of this Agreement and enforcement of the Settlement until performance in full of the terms of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR                34           JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1      this Settlement.

2          18.    **Severability.** If any provision of this Agreement or the application thereof

3      is held invalid, such invalidation shall not affect other provisions or

4      applications of this Agreement (except as otherwise expressly provided

5      herein).

6   **IV.**    **EXECUTION BY PARTIES AND COUNSEL**

7      The Parties and their counsel hereby execute this Agreement.

8   Dated: _____, 2021      PLAINTIFF JAKARI WILSON

9      By _____
        Jakari Wilson (Sep 28, 2021 10:52 PDT)

10      Plaintiff JAKARI WILSON

11   Dated: _____, 2021      DEFENDANTS WHOLESOME HARVEST
     BAKING, LLC AND BIMBO BAKEHOUSE
     LLC

12      By _____

13      Defendant WHOLESOME HARVEST
     BAKING, LLC AND BIMBO

14      BAKEHOUSE LLC

15   Dated: 9|28, 2021      BLUMENTHAL NORDREHAUG
     BHOWMIK DE BLOUW LLP

16      By _____

17      Norman Blumenthal
     Attorneys for Plaintiff JAKARI WILSON

18   Dated: October 5, 2021      MORGAN, LEWIS & BOCKIUS LLP

19      By _____

20      Kathy H. Gao
     Attorneys for Defendants WHOLESOME

21      HARVEST BAKING, LLC and
     BIMBO BAKEHOUSE LLC

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 4:20-cv-5186-YGR       35       JOINT STIPULATION OF CLASS
AND REPRESENTATIVE ACTION
SETTLEMENT

1    this Settlement.

2    18.    **Severability.**  If any provision of this Agreement or the application thereof

3    is held invalid, such invalidation shall not affect other provisions or

4    applications of this Agreement (except as otherwise expressly provided

5    herein).

6    **IV.    EXECUTION BY PARTIES AND COUNSEL**

7    The Parties and their counsel hereby execute this Agreement.

8    Dated: _____, 2021                    PLAINTIFF JAKARI WILSON

9                                                    By _____

10                                                   Plaintiff JAKARI WILSON

11    Dated: 10/5/2021 _____, 2021                  DEFENDANTS WHOLESOME HARVEST
                                                      BAKING, LLC AND BIMBO BAKEHOUSE
                                                      LLC

12                                                   By *Leticia Garcia* _____

13                                                   Defendant WHOLESOME HARVEST
                                                      BAKING, LLC AND BIMBO

14                                                   BAKEHOUSE LLC

15    Dated: _____, 2021                    BLUMENTHAL NORDREHAUG
                                                      BHOWMIK DE BLOUW LLP

16

17                                                   By _____

                                                      Norman Blumenthal

18                                                   Attorneys for Plaintiff JAKARI WILSON

19    Dated: _____, 2021                    MORGAN, LEWIS & BOCKIUS LLP

20                                                   By _____

                                                      Kathy H. Gao

21                                                   Attorneys for Defendants WHOLESOME
                                                      HARVEST BAKING, LLC and

                                                      BIMBO BAKEHOUSE LLC

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case  No. 4:20-cv-5186-YGR            35        JOINT STIPULATION OF CLASS
                                                AND REPRESENTATIVE ACTION
                                                SETTLEMENT